MARTIN F. TROWBRIDGE, Appellant, v. W. H. RACKLE AND MRS. J. C. SCHMID

---

(November 30, 1925, Opinion and Decree)
(December 14, 1925, Rehearing Refused)

---

(*Syllabus by the Court.*)

1. **Louisiana Digest—Automobiles—Par. 8.**
The point of contact, the nature of damage and the position of the automobiles after a collision is often an important factor in the determination of negligence vel non on the part of the drivers of the colliding automobiles.

(Civil Code, Art 2315. Editor's note.)

Appeal from the First City Court of New Orleans, Section "C", Hon. Val. J. Stentz, Judge.

This is a suit to recover the cost of repairs to a Ford coupe made necessary by a collision with a Ford sedan, owned by one of the defendants, and operated at the time of the accident by the other. There was a reconventional demand by the defendants. Plaintiff's suit was dismissed and so was the reconventional demand of the defendants. Plaintiff appealed.

Judgment reversed and made one for plaintiff against defendants.

Richard W. Leche, of New Orleans, attorney for plaintiff, appellant.

R. J. Weinemann, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J.  Plaintiff brings this suit for $128.98, the cost of repairs to his Ford coupe, made necessary as the result of

a collision with a Ford sedan, owned by one of the defendants and operated at the time of the accident by the other. He alleges the accident to be wholly due to the fault of the defendant, the driver of the Ford sedan. Defendants deny all charges of negligence and impute all fault to plaintiff, claiming in reconvention the sum of $18.55 as repairs to the sedan made necessary by the accident.

The trial court dismissed both the main demand and the demand in reconvention. The plaintiff alone has appealed.

The accident occurred at the intersection of Fern and Elm Streets. Plaintiff in his coupe was proceeding along Fern Street from the direction of the river toward the lake. Defendant, Rackle, was driving the sedan down Elm Street in the direction of Broadway. In that situation plaintiff had the right of way since his car was on the right of defendant's and defendant was approaching the intersection from the left. Ordinance No. 7490, C. C. S. Defendant admits that plaintiff had the right of way, but contends that that fact did not justify plaintiff in crossing the intersection because defendant had in a manner of speaking preempted it by having negotiated nearly three-fourths of the distance across before plaintiff entered the intersection, citing subsection (g) of sec. 7 of the Ordinance referred to, which reads as follows:

(g) "The right-of-way herein given shall not be construed to mean that vehicles may be driven through street intersections in a reckless manner or at a speed beyond control, nor that they may take advantage of such right-of-way to drive through intersections regardless of the rights of vehicles on intersecting streets. The right-of-way given applies only where two vehicles approaching intersecting streets arrive at the intersection at approximately the same time, and does not authorize the vehicle traveling on the right-of-way streets to disregard the rights of vehicles which have already entered the intersection from an intersecting street."

The contention of defendant's counsel in this regard is sound in law. The right of way given vehicles, when traversing certain streets is, as we have had occasion heretofore to observe, simply the right to precedence when other things are equal and in no sense justifies reckless disregard of traffic proceeding along other streets over which the right of way is conferred. In other words, if two cars running on intersecting streets approached the intersection at about the same time, one or the other must yield the right to proceed. We turn to the record to ascertain the facts.

The plaintiff who testified in his own behalf is corroborated by two disinterested witnesses, George W. Stern and a negro by the name of Capalon. Mr. Stern did not see the accident and his evidence is to the effect that after the accident when he appeared on the scene, plaintiff's coupe was across the intersection and lying on its side some twenty-five or thirty feet from the lake corner of Elm and Fern Streets on the upper banquette nearest Carrollton Avenue with its front pointing toward the river or the direction from which it had come; that defendant's sedan was on the lake side of Fern Street nearest Broadway, on the banquette some 45 feet from the corner of Fern Street. The position of the cars after the accident is practically conceded to have been as this witness puts it. The witness, Capalon, claims to have seen the accident. He confirms plaintiff in his statement that he had almost crossed the intersection when the defendant's car entered it, and he also corroborates plaintiff as to the relative speed of the two cars, giving plaintiff credit for about fifteen and charging defendant with a speed of about twenty-five miles an hour.

In defendant's behalf, two witnesses testify, Rackle, the defendant who was driving the car, and his wife, who was in the car with him at the time. Mrs. Rackle admits

she was very much excited and does not claim to have seen the accident.

Plaintiff's car was hit on the left rear wheel by defendant's front wheel. This circumstance we think most eloquent in plaintiff's behalf without regard to the other evidence which certainly preponderates in his favor. If defendant had preempted the crossing, it is improbable that plaintiff's car would be struck in the rear and more improbable that it should have been struck by defendant's left front wheel because in the position in which the cars approached each other, plaintiff's car was on defendant's right and the point of impact should have been somewhere on defendant's right side and somewhere in the front of plaintiff's car.

We conclude that the accident was entirely due to the fault of the driver of defendant's car and that plaintiff should recover. The quantum of damages sustained by plaintiff is admitted.

The judgment appealed from is reversed and it is now ordered that there be judgment in favor of Martin F. Trowbridge, plaintiff herein, and against W. H. Rackle and Mrs. J. C. Schmid, defendants herein, *in solido*, in the full sum of $124.98 with costs of both courts.

Judgment affirmed.