VANCE, Appellant, v. POREE

(Oct. 4, 1926.   Opinion and Decree.)

(*Syllabus by the Editor.*)

1. **Louisiana    Digest—Automobiles — Par. 4 (b).**

Where two automobiles approach an intersection at a right angle, and one of them nearly completes the crossing before the other arrives at the intersection, the one which almost traverses the intersecting street is entitled to proceed notwithstanding the fact that the other car had the right of way.   .

2. **Louisiana    Digest—Automobiles — Par. 4 (b), 4 (d).**

The right of way established by Municipal Ordinance in favor of vehicles using certain streets is not an exclusive privilege, and it must be exercised with due regard to the right of other vehicles to use the intersecting streets.

Appeal from the Civil District Court, Division "F", Hon. Percy Saint, Judge.

Action by William B. Vance against Jules Poree.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Denegre, Leovy and Chaffe, and Edw. Gladney, Jr., of New Orleans, attorneys for plaintiff, appellant.

John D. Nix, Jr., and W. W. Wright, attorneys for defendant, appellee.

OPINION.

WESTERFIELD, J.   This suit results from a collision between a Studebaker and a Ford automobile at the intersection of St. Charles Avenue and Robert Street. The owner of the Studebaker sues the owner of the Ford and the Ford owner reconvenes.

The trial judge dismissed plaintiff's suit and gave judgment for the defendant in reconvention for $100.00.   Plaintiff has appealed.

Pretermitting, for the moment, the question of negligence on the part of the drivers of the colliding vehicles, we observe that the judgment appealed from must be reversed.

The owner of the Studebaker was not present at the accident.   The car was not being driven on any errand of his, nor by his employee, or any other person for whose fault he was responsible.   He had loaned the car to a young man by the name of Rainold who was driving it at the time of the accident, and there is no contention that Rainold was not a competent driver.   Under such circumstances plaintiff, the owner of the Studebaker car, can not be held liable.   Marullo vs. St. Pasteur, 144 La. 926, 81 South. 403; Rusha vs. Coyle, 149 La. 731, 90 South. 144.

The Ford car, which was occupied by two minor sons of defendant, and driven by one of them, at the time of the accident, entered the intersection of St. Charles Avenue and Robert Street from the lake side of Robert Street and collided with the Studebaker at a point near the neutral ground.   The Studebaker, driven by Rainold, and occupied by three other young men, was proceeding uptown, or toward Carrollton Avenue, on the right hand roadway, devoted exclusively to traffic moving in that direction.   The four oc-

cupants of the Studebaker car testified that they were moving slowly and the Ford much faster; that the Ford did not stop before entering the intersection, as required by the traffic ordinance, which has been offered in evidence, and that no precaution was omitted by the driver of the Studebaker.

The occupants of the Ford, two young negro boys, both testify that the Ford did stop before entering the intersection· and that they looked in the direction of traffic before proceeding; that the Ford was going slowly and the Studebaker very fast and generally to the effect that the Studebaker was entirely at fault.

Clearly the weight .of evidence favors the Studebaker and, moreover, the Studebaker, since it was traveling on St. Charles Avenue, had the right of way under the city ordinance. However, there is one point, upon which practically all the witnesses agree, and, that is, in fixing the point of contact as near the neutral ground of St. Charles Avenue.

If, therefore, the Studebaker was where it should have been, near the curb on the lake side of St. Charles Avenue,. it would not have struck the Ford near the neutral ground and the Ford being near the neutral ground when struck must have entered the intersection some little time before the Studebaker and therefore may be said to have pre-empted the crossing and the Studebaker notwithstanding its right of way should not have proceeded under the circumstances, but should have given way to the Ford. For as we have frequently held, the right of way confers no exclusive right to the possessor to monopolize the streets and intersections. Oscar J. Lalla vs. L. M. Williams. et al., 9212 Orl. App.; Levy vs. Russell, 9291 Orl. App.; Accordo vs. Aiklen, 9610 Orl. App. See also Sec. 7, par. (g) Ord. 7490 C. C. S.

Our conclusion is that the accident was not due to the fault of the Ford car and that consequently the plaintiff can not recover.

It is therefore ordered that the judgment appealed from be reversed and it is now ordered that there be judgment dismissing plaintiff's demand.

It. is further ordered that defendant's reconventional demand be dismissed, the costs of the lower court to be paid by plaintiff and appellant and of this appeal by defendant and appellee.