**DA PONTE v. UZZO, Appellant**

---

(Oct. 18, 1926.   Opinion and Decree.)

(*Syllabus by the Editor.*)

1. Louisiana   Digest—Automobiles — Par. 4 (b), 4 (c).

Upon approaching the intersection of two much frequented streets within the limits of this city, it is the duty of a chauffeur to check up his speed and to use more than ordinary care to avoid injury to persons or property.

2. Louisiana   Digest—Automobiles—Par. 4, 4 (d).

The thoroughfares of the City of New Orleans were never intended for race courses.

3. Louisiana   Digest — Automobiles — Par. 4, 4 (a), 7.

Whatever may have been the negligence of the party injured the defendant is liable if he might have avoided the accident by the exercise of ordinary caution.

Appeal from Civil District Court.   Hon. Wm. H. Byrnes, Judge.

Action by Harry G. Da Ponte against Louis Uzzo.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

H. M. Wilkinson, of New Orleans, attorney for plaintiff, appellee.

Lemle, Moreno & Lemle, of New Orleans, attorneys for defendant, appellant.

CLAIBORNE, J.    This is a damage suit resulting from a collision of automobiles.

The plaintiff alleged that on Sunday, October 30, 1921, at 5:15 p. m., he was driving his five-passenger automobile down Prytania Street and was alone in his car, that on approaching Napoleon Avenue he slowed down to less than five miles an hour in order to avoid children in the act of crossing Prytania Street, and blew his horn, and ascertained that no traffic was coming along on Napoleon Avenue within a distance which, under ordinary circumstances, would interfere with his crossing safely; that he started to cross Napoleon Avenue; that after he had crossed the Napoleon Avenue street car tracks and neutral ground, and while his front wheels were abreast of the downtown sidewalk of Napoleon Avenue, and while his car was across the lower third of the downtown side of Napoleon Avenue, a cut down racer model Ford automobile belonging to the defendant Louis Uzzo and driven by him, came down Napoleon Avenue from the direction of the river running towards the lake at a speed of 40 to 50 miles an hour, and struck its front against the center of the rightside of plaintiff's car; that so great was the impact that plaintiff's car was knocked across and beyond the riverside track of the Prytania car line and into an automobile which one Sorreson was driving up Prytania Street, just below Napoleon Avenue and there came to a stop, about 20 feet below the outer sidewalk line of Napoleon Avenue; that the Uzzo car went up into the air, turned a back somersault and fell with its front end pointing towards the river, pinning one of its two occupants underneath; that plaintiff's car was damaged as follows:

Frame bent, two rear wheels broken, three fenders and two running boards demolished, windshield glass broken, body and doors damaged, rear axle bent, splash pans, top, battery, horn, broken; that the damaged based upon the cost of repairs is $500 and the diminution in value of the car is $100; that plaintiff is an insurance salesman to whom a car is necessary; that he was deprived of his car for 20 days and during that time hired another car at a cost of $5 a day or $100; making a total of $700; that the said Uzzo had just returned to New Orleans across the Napoleon Avenue ferry from a trip down the west-side of the river from Baton Rouge, and had boasted that he had been trying to establish a speed record from Baton Rouge to New Orleans and had been running at the rate of 75 miles an hour; that both Uzzo and his companion were dressed in goggles and full racing regalia; that Napoleon Avenue was free from obstructions to the vision and Uzzo had a clear view for several blocks and should have seen petitioner's car crossing on the right of way in front of him in plenty of time to have brought his racer under control had he been driving within the legal rate and that he could have swung his car to the left and passed behind plaintiff's car; that the accident was caused by the negligence of defendant and by the excessive speed at which he was driving.    Plaintiff prayed for $700 damages.

The defendant admitted that plaintiff was driving his car down Prytania Street and approached Napoleon Avenue on the

day and hour mentioned in the petition, but denies all the other allegations of the petition; further answering he avers that the damage to plaintiff's car was due wholly to his own fault in attempting to pass ahead of defendant's car; that under the traffic ordinance of the city, defendant had the right of way, and that it was incumbent upon plaintiff upon seeing defendant's car approaching to have brought his car under control so as to permit defendant's car to have the right of way; that in violation of the traffic rules plaintiff sought to pass ahead of defendant; that had plaintiff exercised reasonable care and had observed the traffic ordinance that the accident would not have occurred.

The attorney for the defendant certified that all the allegations and facts contained in the answer were true.

There was judgment for $610 and defendant has appealed.

Neither the plaintiff nor the defendant has introduced and filed in evidence the traffic ordinance.

Therefore we cannot consider it, and the case must be decided by the common law of the road.

It would serve no useful purpose to reproduce the testimony of the plaintiff and of his six witnesses spread over 85 pages, nor the testimony of the defendant and of his companion and another witness. Suffice it to say that the trial judge believed the plaintiff and his six witnesses and that we concur with him, especially when defendant and his companion are contradicted by their witness Richard in several particulars.

The testimony of the plaintiff and of his six witnesses, all disinterested and unimpeached, establish with certainty the absolute truth of each and every allegation of fact of plaintiff's petition. It remains to us only to apply the law to those facts.

We find the law to be as follows:

1st. "That upon approaching the intersection of two much frequented streets within the limits of this city, it is the duty of a chauffeur to check up his speed and to use more than ordinary care to avoid injury. At corners and crossings the vehicle should be slowed down and in such control as to be able to be immediately stopped if necessary." 37 Cyc. 270-272.

"It is negligence per se to drive an automobile at an unlawful and dangerous rate of speed in a frequently used street on a populous part of a city." Berry, 202.

2nd. "That racing in a highway is negligence per se. 37 Cyc. 276-275 (2) 284, 28 Cyc. 29-30.

"The thoroughfares of the City of New Orleans were never intended for a race course." Avegno vs. Hart, 25 La. Ann. 235.

3rd. "That whatever may have been the negligence of the party injured the defendant is liable if by the exercise of ordinary caution he might have avoided the accident." Burvant vs. Wolfe, 126 La. 788, 52 South. 1025; McClanahan vs. V. S. & P. Ry. Co., 111 La. 782, 35 South. 902; Blackburn vs. L. R. & N. Ry. Co., 144 La. 520, 80 South. 708; Ingram vs. L. & N. W. Ry. Co., 128 La. 933, 55 South. 580; Jones vs. Mackay Telegraph Cable Co., 137 La. 121, 68 South. 379.

"The violation of an ordinance by the plaintiff will not defeat a recovery if the defendant could have avoided the injury by the exercise of ordinary care. Berry 203 (16) 211.

It is therefore ordered that the judgment be affirmed.