HIRSCH, Appellant, v. ASHFORD

---

(January 6, 1927. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Automobiles — Par. 4 (b).**

Where two automobiles approach each other at a right angle on intersecting streets and one of them enters the intersection some time before the other, it is entitled to proceed, notwithstanding the other car is traveling on a street given the right of way over the one from which the car first entering the intersection emerged.

Appeal from Civil District Court, Division "C", Hon. E. K. Skinner, Judge.

Action by Henry B. Hirsch against M. J. Ashford.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Beer & Robert, L. P. Beard, of New Orleans, attorneys for plaintiff, appellant.

Edw. Dinkelspiel, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. This suit grows out of a collision of automobiles at a street intersection. Plaintiff claims, by original petition, $570.97, and defendant, by reconventional demand, $148.85.

There was judgment rejecting plaintiff's demand and in favor of defendant as prayed for on his reconventional demand and plaintiff has appealed.

Only two witnesses, plaintiff and defendant, testified concerning the accident. As might be expected, they do not agree. The trial judge gave more weight to the evidence of defendant, and we cannot say he was manifestly in error.

We find the facts to be as follows:

Plaintiff during a heavy rainstorm and at a rate of speed between fifteen and eighteen miles per hour, was proceeding along Canal Street, toward the river, and as he approached Scott street, being, say, one-half square away, defendant drove across Canal street at its intersection with Scott. Before defendant could cross and as he neared the neutral ground, he was struck violently on the left and in the rear of his car, the force of the impact driving the car against a post on the neutral ground and damaging the right as well as the left rear wheel.

Plaintiff insists that even under the circumstances we have found as the facts in this case, he can not be held liable because he had the right of way. But in this he is mistaken for the right of way must be understood with certain qualifications, some of which we have heretofore alluded to.

"A driver of a taxicab, running twenty miles per hour on a dark rainy night over slippery streets is guilty of gross carelessness and culpable negligence notwithstanding the fact that he has the right of way and is not exceeding the speed limit." Lala vs. Williams, et al., 9212 Orl. App.

In Vance vs. Poree, No. 9415 Orl. App., not yet reported, we said:

"The right of way established by municipal ordinance in favor of vehicles using certain streets is not an exclusive privilege and it must be exercised with due regard to the right of other vehicles to use the intersecting streets." (Syllabus) Quoting further from that opinion, which incidentally referred to facts strikingly similar to those we are considering.

"If, therefore, the Studebaker was where it should have been, near the curb on the lake side of St. Charles Avenue, it could not have struck the Ford car near the neutral ground and the Ford, being near the neutral ground when struck must have entered the intersection some little time before the Studebaker and therefore may be said to have preempted the crossing and the Studebaker, notwithstanding its right of way, should not have proceeded under the circumstances but should have given way to the Ford, for as we have frequently held, the right of way confers no exclusive right to the possessor to monopolize the streets and intersections. Oscar J. Lala vs. L. M. Williams, et al., No. 9212 Orl. App.; Levy vs. Russell, 9291 Orl. App.; Accordo vs. Aiken, 9610 Orl. App. See also Sec. 7, par. (9), Ord. 7490, C. C. S."

In the case at bar the plaintiff was driving too fast under the weather condi-

tions obtaining. This is indicated by the force of the blow struck defendant's car. He was apparently too near the neutral ground and not near the sidewalk curbing as he should have been. He should have allowed defendant to cross his path because he had entered the intersection some time before he (plaintiff) approached it. We agree with the trial judge in holding plaintiff alone responsible for the accident. The judgment appealed from will be affirmed.