SMYTH v. HILL STORES, INC.

———

(May 21, 1928. Opinion and Decree.)

———

(*Syllabus by the Court*)

1. **Louisiana Digest—Automobiles—Par. 4, 4b.**

Where two automobiles approach an intersection at a right angle, and one of them nearly completes the crossing before the other arrives at the intersection, the one which almost traverses the intersecting street is entitled to proceed notwithstanding the fact that the other car had the right-of-way.

2. **Louisiana Digest—Automobiles—Par. 6, 7.**

The contributory negligence of the driver of an automobile cannot be imputed to a guest having no part in its management, so as to defeat recovery by the guest for negligence of another.

Appeal from First City Court, Div. "B." Hon. Val J. Stentz, Judge.

Action by John T. Smyth against H. G. Hill Stores, Inc.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

George Piazza, of New Orleans, attorney for plaintiff, appellee.

Spearing & Mabry, of New Orleans, attorneys for defendant, appellant.

JONES, J. This is a suit for damages for personal injuries sustained by plaintiff, a guest in a Ford roadster, on the 13th day of October, 1925, about 6:50 a. m., at the corner of Peniston and Carondelet Streets in a collision with defendant's Ford truck.

Defendant answered as follows:

It had the right-of-way though both cars reached the intersection at the same time, the roadster attempted to "beat" the truck across the intersection, thereby causing the damage without any negligence on its part.

There was judgment for Two hundred ($200.00) Dollars and defendant has appealed.

John J. Noonan testified as follows:

He was driving an automobile up Carondelet Street; the Ford roadster stopped before entering Carondelet Street and then proceeded across at a very slow rate of speed; when "all but across," truck, which was traveling twenty-five or thirty miles an hour, struck the rear portion of the roadster; after the accident the roadster was in Peniston Street, off of Carondelet Street, turned completely around so that it faced the sewer; he saw plaintiff after the accident bleeding from cuts over left eye and blood running down his face.

Leon, the driver of the Ford roadster, was dead at the time of the trial.

Smyth, plaintiff herein, was dead at the time of the trial, but while confined at the Charity Hospital, during his last illness, his testimony was taken by consent of counsel. He testified as follows:

He was riding as a guest in the Ford roadster with Leon, who was kind enough to take him down frequently. Leon, who was a very careful old man, stopped before entering Carondelet Street and then proceeded across the intersection very

slowly; that when they had nearly completed the crossing, defendant's truck came down Carondelet Street rapidly; just before the accident defendant's driver had his head turned looking toward the river; that plaintiff, believing an accident inevitable, screamed to the driver of defendant's truck to attract his attention thereby averting almost certain death; the driver then swerved his truck to the right, struck the rear fender and wheel of the roadster and truck turned over, landing on the downtown river corner of Carondelet and Peniston Streets; the Ford roadster was turned completely around; after the accident it was entirely off of Carondelet Street.

Morris D. Moreaux, driver of the hill truck, testified as follows:

He was traveling on the right side of Carondelet Street, about three feet from the sidewalk curb, about eight miles an hour, both cars reached the intersection about the same time; plaintiff, who was coming at a moderate speed about eight miles per hour, did not stop, but tried to beat him across, when right front fender of the truck struck right rear wheel and fender of the Ford roadster; when he saw the roadster was in front of him, he put on his brakes and swerved his truck to the left, but it was too late and his truck turned over on the downtown river corner of Carondelet and Peniston Streets, but the roadster was in Peniston Street; he admits that his head may have been turned before the accident.

The testimony of Becker, who was a block away at the corner of Baronne and Peniston Streets, is so contradictory and confusing that it adds nothing to the case.

If the statement of the defendant driver be considered correct, the Court must believe that the Ford roadster, which was struck in the rear, crossed from the lake side of Carondelet Street to the river side, practically completing the intersection, while the truck going at the same speed traveled only a few feet, certainly not more than one-fifth of the distance.

It is true that the Hill truck had the right-of-way at this intersection, but that privilege did not give the defendant the right to disregard the safety of others already in the crossing. The Traffic Ordinance regulations on this question simply state that if two vehicles reach an intersection at the same time, the one having the right-of-way shall proceed in preference to the vehicle not having the right-of-way. Once a vehicle has entered the intersection, irrespective of the right-of-way of the other vehicles, it has the right to continue across. That is set forth in Article 1, Section 7, Paragraph (g), City Ordinance No. 7490 C. C. S., and under the following decisions of this Court:

Vance vs. Poree, 5 La. App. 109; Trowbridge vs. Rackle, 3 La. App. 368; Hirsch vs. Ashford, 5 La. App. 290.

Furthermore, as plaintiff was a guest in the roadster, the negligence of the driver cannot be attributed to him.

Jacobs vs. Jacobs, 141 La. 273, 74 So. 992; Churchill vs. T. & P. Ry. Co., 151 La. 727, 92 So. 314; Vitale vs. Checker Cab Co., decided by Supreme Court May 7, 1928.

Plaintiff's injuries consisted of: Lacerated wound of left temple; small lacerated wound of right side; lacerated wound of right knee; cut on bridge of nose; brush wounds of forehead; bruises of scalp; general contusions all over body, worse over region of right chest wall.

As a result of these injuries he was confined to his home about four days;

had to visit the doctor three or four times; suffered some for about two months after the accident.

Though it is always difficult to fix the quantum in such cases, we think the judgment of the trial court does substantial justice.

The judgment is, therefore, affirmed.