### No. 11,411

### Orleans

## MARSHALL v. FREEMAN

(February 11, 1929. Opinion and Decree.)

Arthur N. Curtis, of New Orleans, attorney for plaintiff, appellee.

P. M. Milner, of New Orleans, attorney for defendant, appellant.

JONES, J. This is a suit for $6,441.00, damages for personal injuries sustained by plaintiff, a guest in a Ford coupe on December 1, 1926, about 6:30 p. m., at the corner of Prytania Street and Washington Avenue, this City.

The negligence charged against defendant is excessive speed and failure to have his car under control as he approached this greatly used avenue.

Defendant denies all negligence and avers that he had done everything possible to avoid the accident, after the driver of plaintiff's car had negligently driven across Prytania Street just in front of him, without stopping as required by the City Traffic Ordinance.

There was judgment below for $741.00, and defendant has appealed, and plaintiff has answered the appeal asking for an increase in judgment.

The sole issue before us is the negligence vel non of defendant, because even if there were contributory negligence on the part of plaintiff's driver, it could not be imputed to plaintiff. See Smyth vs. Hill Stores, Inc., 8 La. App. 246.

The evidence shows the following facts.

Plaintiff's driver going towards the river on the uptown side of Washington Avenue, close to the curb had almost crossed Prytania Street, when he was struck by defendant's car, on the right rear wheel and knocked almost completely around over to the curb of Washington Avenue. Defendant's car, driven by a man named Smith, was going towards Canal Street, when the collision occurred. There is a large two-story building on the property line of the uptown lake corner of Prytania and Washington, which would necessarily limit the view of the two drivers in this case.

There is a dispute as to whether plaintiff's driver stopped before crossing Prytania Street, as required by the City Traffic Ordinance. Plaintiff and her driver swear that he did so. Gardner and Smith deny this statement.

The trial judge held that Smith's own testimony convicted him of negligence. He swears he was going down Prytania Street about eighteen miles per hour until within 100 feet of Washington Avenue, when he put his car in neutral and began to coast along so as to have it under perfect control as he knew that this was a blind corner; that he never saw the Ford until he was right on it because it stopped in front of him immediately behind two cars. He admits that he had no driver's license at the time and that he had never driven this Dodge car before or since, and in fact had not driven any automobile for a year prior to the accident, as he was a general utility man at the store and not a chauffeur. The opinion of the trial judge reads as follows:

"I am of the opinion that the preponderance of evidence is in favor of the plaintiff, and that it shows the accident was caused by the negligence of Smith, the operator of the defendant's car. The physical facts bear out plaintiff's contention. Mr. Knickerbocker, with whom the plaintiff was rid-

ing, had crossed over more than half of Prytania Street when his machine was struck by defendant's car.

"If Smith, was as a fact, driving at a speed of eighteen miles an hour and coasting 'in neutral' there is no excuse for his failure to have seen the Ford in which plaintiff was riding. Smith's excuse that two upbound automobiles prevented him from seeing the Ford cannot be believed by anyone who operates an automobile.

"I have carefully considered Mr. Gordon's testimony and when analyzed it is not sufficient to offset the positive testimony of the plaintiff, Mr. Knickerbocker, Mr. White and the undisputed physical facts in the case.

"Mr. Gordon's position more than 125 feet away from the corner precludes any accuracy of statement as to details. He frankly admits that he could say practically nothing concerning the 'oncoming' Dodge.

"The Court believes that a judgment for the sum of Seven Hundred Forty One and No/100 ($741.00) Dollars will reasonably compensate the plaintiff. I have arrived at this amount as follows:

For physical pain and suffering......$200.00
For disfigurement of face due to narrow scar, and loss and sensation in small area around scar................. 400.00
Loss of earnings.................................. 90.00
Medical bill ....................................... 51.00

$741.00

As we think this does substantial justice both as to the liability for negligence and as to the amount allowed, though there is much contradictory evidence on the latter point, we have decided to adopt his views as our own.

Our decision as to negligence in this matter is supported on this point by that in the above quoted Hill Stores case, where we held that a car first entering an intersection was entitled to proceed, although the other car had the right of way. In that decision will be found other authorities.

For the reasons assigned the judgment appealed from is affirmed.