HAMANN v. SPICUZZA

(February 25, 1929. Opinion and Decree.)

Henry W. and Henry M. Robinson, of New Orleans, attorneys for plaintiff, appellant.

Bond, Curtis, Hall and Foster, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J. This case results from an intersectional collision of two Hudson automobiles. The plaintiff claimed $413.55, as damages to his car and the defendant reconvened and prayed for judgment in the sum of $340.09, as damages to his automobile. The trial court dismissed plaintiff's suit and awarded the defendant judgment in reconvention as prayed for.

The accident occurred in the intersection of Barracks and Chartres Streets. Plaintiff was driving in Chartres Street and approached the intersection from the direction of Canal Street. Defendant's car, which was being driven at the time, by his son was in Barracks Street and being driven from the direction of the lake towards the river.

There is the usual conflict of evidence as to the speed of the two cars, and as to which car entered the intersection first. There were six occupants of plaintiff's car, five of whom testified that the speed of their car was very slow and that they had almost effected the crossing, when run into by the defendant's automobile. There were three occupants in defendant's car, all of whom testified that plaintiff's

car was going very fast and that they were going very slow, and that their car had almost completed the crossing when run into by the plaintiff's car.

The trial judge with the advantage of having seen and heard the witnesses, believed that the plaintiff was at fault because, notwithstanding the fact that he had the right of way, the other car had entered the intersection first, and, that, consequently the defendant's car was entitled to proceed: Griffin vs. Chalmette Laundry Co., 8 La. App. 146; Vance vs. Poree, 5 La. App. 109; Hirsch vs. Asford, 5 La. App. 290. We are unable to say from the record before us, that there was any manifest error in this holding; consequently we will not disturb his findings in respect to the negligence of the owner of plaintiff's car.

The reconventional demand involves the question of the contributory negligence of the driver of defendant's car. The judge, a quo, concluded that the speed of the car was very moderate and emphasized the fact that a young boy, a friend of the driver, had jumped on the running board of defendant's car just before it reached the intersection and jumped off just before the collision, as conclusive evidence of the moderate speed of the car, and in this finding we also concur. However, we are of the opinion that in permitting the young boy to ride on the running board, which was on the right side of the automobile, and directly in his line of vision, obscuring his view of plaintiff's approaching automobile, he was guilty of negligence, which to some extent at least contributed to the accident. Since defendant's car was proceeding very slowly, if his vision had not been obscured by the presence of the boy on the running board, it is likely that he would have been able to prevent the accident by stopping his car.

We are of the opinion that the negligence of the driver of defendant's car contributed to the accident, and precludes defendant's recovery on the reconventional demand.

For the reasons assigned the judgment appealed from is amended insofar as it awards to defendant judgment in reconvention, and it is now ordered that there be judgment on the reconventional demand in favor of plaintiff, Richard H. Hamann, and against the defendant, Michel Spicuzza, dismissing the defendant's claim in reconvention, and that defendant pay all costs in this court. In other respects the judgment appealed from is affirmed.