BREVARD v. N. O. TRANSFER CO., INC.

---

(April 29, 1929.  Opinion and Decree.)
(May 27, 1929.  Rehearing Refused.)

---

Sam S. Kiblinger and Wm. F. Conkerton, of New Orleans, attorneys for plaintiff, appellee.

. Chas. I. Denechaud and Ernest J. Robin, of New Orleans, attorneys for defendant, appellant.

JONES, J.   This is a suit for $12,850 damages for loss of an eye and other personal injuries caused by a collision between a Ford coupe, in which plaintiff was riding as a guest, and a passenger bus of defendant, at the intersection of Iberville and Chartres Streets, this city, about 7:30 p. m. on January 15, 1927.

Plaintiff alleges that the Ford, which was going out Iberville Street toward the river, slowed up and almost came to a complete stop when it reached Chartres Street and that the driver, after he had looked up Chartres toward Canal Street, without seeing any approaching vehicle, started across the street and had almost crossed the intersection when the Ford was negligently struck by defendant's bus, which was coming down Chartres Street from Canal at a fast speed, without paying attention to vehicles in the crossing; that all four corners are closely built up, both streets are narrow and filled with traffic, that the Ford was knocked by the bus up against a post on the downtown river corner with such violence that the two rear wheels were smashed, the body bent and windshield broken; that the flying glass cut plaintiff's right eyebrow and eye so badly that the vision of the eye was completely destroyed and her face permanently scarred.

Defendant answered, denying all the allegations of plaintiff's petition, and averring that the injuries were caused by the negligence of her host, the driver of the Ford, and by her own negligence.

There was judgment below for $3000 and the defendant has appealed.

Only questions of fact are involved.

The clear and straightforward testimony of the three occupants of the Ford coupe confirms substantially all the allegations of the petition, except that as to the permanent scar. Their testimony as to the position of the Ford car after the accident is confirmed by a disinterested witness, who carried plaintiff to the Charity Hospital immediately after the accident.

Defendant's chauffeur, Gavin, a man sixty-one years old, who had been driving in this city for many years, was the only witness for the defendant as to the facts of the accident. He says that plaintiff, who was sitting on the uptown side of the Ford coupe, necessarily obstructed her host's view, but this contention is positively denied by the three occupants of the car, all of who swear that plaintiff was sitting with her back resting against the rear of the seat. This contention seems to have been based on the fact that defendant considered that the seat of a Ford coupe, 1924 model, which is only thirty-eight inches long, would be too narrow for three people of medium size, but he has failed to sustain his contention in this instance, as the preponderance of evidence is clearly against him. Gavin confirms the statement of the three occupants of the car to the effect that the Ford had nearly crossed Chartres Street when it was struck, but he denies that the Ford was jammed up against the post after the accident.

The record shows that the Ford was struck on the right rear fender, a fact which tends to show that it had nearly

completed the crossing, as Gavin testified that he was driving down Chartres Street, close to the right hand curb.

Defendant contends that their driver had the right of way under the traffic ordinance and that plaintiff's driver was negligent in entering the intersection without coming to a complete stop, and without making certain that there was no car near the intersection. Even if these last contentions were true—and we do not find that they are sustained by the record—the negligence of her host could not be attributed to plaintiff under repeated decisions of the appellate courts of this state. Furthermore, the record entirely fails to show any negligence on her part.

The above analysis shows that the preponderance of the evidence supports the conclusion of the trial judge.

The fact that the traffic ordinance gives a right of way to a vehicle approaching on the right does not mean that such vehicle thereby preempts the intersection. On the contrary, this court has repeatedly held that this provision is controlling only when the two vehicles reach the intersection at about the same time. When the car approaching from the left enters the intersection first, and has nearly completed the crossing, it is entitled to proceed. Griffin vs. Chalmette, etc., 8 La. App. 146; Vance vs. Poree, 5 La. App. 109.

This court said in Flick vs. N. O. Item, 6 La. App. 864:

"In an intersection collision, between a Ford automobile and a motor truck, where the front end of the Ford strikes the rear end of the truck, a presumption of negligence on the part of the Ford driver arises."

The record shows that plaintiff, who was a married woman thirty years old, at the time of the accident, has lost the sight of her right eye, but, up to the date of the trial, the surgeon had not found it necessary to remove it. Prior to the accident she had always been in good health and had earned a small weekly compensation as a seamstress, but since the accident she has not been able to do such work. The record does not show that she had any permanent disfiguring scar.

In the case of Claussen vs. Cumberland Telephone & Tel. Co., 126 La. 1087, 53 So. 357, the Supreme Court allowed $7,500 to a young man 24 years old who had lost his eye.

In Johnson vs. Pickering Land & Timber Co., 132 La. 425, 61 So. 514, the Supreme Court awarded $6000 for the loss of an eye to a minor employee of the defendant company.

In Starnes vs. Pine Woods Lumber Co., 122 La. 284, 47 So. 607, a young man eighteen years old, was allowed $6000 for the loss of his eye.

In the case of Tessier et al. vs. Stewart, No. 11,777 of the docket of this Court, decided April 15, 1927, this Court allowed $12,000 to a young girl nine years old, whose eye had to be removed and whose face had been permanently scarred.

Considering all the circumstances of this case, we think that a judgment of $6000 would be more consistent with the decisions of the appellate courts of this state, as there is no permanent scar and, up to the date of the trial, the eye has not been removed.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by increasing the amount awarded plaintiff from three thousand dollars ($3000) to six thousand dollars ($6,000), with legal interest thereon from January 15, 1927, until paid, and for all costs, and as thus amended, affirmed.