**MR. and MRS. WELSCH v. LAUNDRY**

———

(April 21, 1930. Opinion and Decree.)

———

Marion G. Seeber, of New Orleans, attorney for plaintiffs, appellees.

Edward Rightor and Wm. H. Sellers, of New Orleans, attorneys for defendant, appellant.

HIGGINS, J. Plaintiffs, Mr. and Mrs. Lou Welsch, sued defendant for damages for personal injuries and property damage resulting from a collision between the plaintiff's automobile and defendant's truck at the intersection of Octavia and Willow streets in the city of New Orleans on June 14, 1929, at 9:30 o'clock a. m. Plaintiffs

claim $148 damages for repairing the automobile and $100 for personal injuries sustained by Mrs. Welsch.

Defendant filed a general denial, and in reconvention claimed $21 for damages to his truck, averring that plaintiffs were solely at fault in causing the accident.

There was judgment in favor of plaintiffs for $148 damages to the automobile, but the claim for personal injuries was disallowed and the reconventional demand of defendant denied. Defendant has appealed and the plaintiffs have not answered the appeal.

The record shows that Octavia street is a one-way street running from the river to the lake. Willow street is a two-way street running from uptown to downtown. The two streets intersect each other at right angles. Mrs. Welsch was driving her five-passenger Buick sedan towards the lake on Octavia street, and defendant was driving his Chevrolet laundry truck toward Carrollton avenue, or uptown, on Willow street. When Mrs. Welsch reached the intersection she stopped her Buick car, blew the horn, and proceeded across. The Buick car had almost traversed the intersection, and therefore pre-empted the crossing, when the right front spring and side of defendant's truck struck the right rear wheel, fender, and body of plaintiff's car, driving it into a post on the lake, uptown corner of the intersection, and causing the damage in question. The defendant admits that he saw Mrs. Welsch stop her car and blow the horn and proceed across, but his explanation as to why he did not permit her to proceed is most unsatisfactory. He claims that he was running about twenty miles an hour; that when he approached the intersection he slowed down and sounded his horn, and that he made no effort to stop his truck because he was too close to the Buick car to avoid the collision. His brakes, he further testifies, were very good. His testimony also show that he was fifteen feet or more from the intersection at the time he saw plaintiff's car. He also admits that the right front spring of his car struck the right rear wheel of the Buick car and it is therefore apparent that, if he had made any attempt to apply his brakes, the Buick car would have passed before him in safety.

It further appears that he could easily have passed to the rear of the Buick car, but when asked why he did not do so, his explanation was that another automobile was coming down Willow street at the same time. His testimony on this point is flatly contradicted by one of his witnesses, Robert Peere, who said there was no other car coming down Willow street at the time. Defendant's negligence was, therefore, the proximate cause of the accident.

"Whatever may have been the negligence of the party injured the defendant is liable if he might have avoided the accident by the exercise of ordinary caution." Da Ponte vs. Uzzo, 5 La. App. 105.

"Where two automobiles approach an intersection at a right angle, and one of them nearly completes the crossing before the other arrives at the intersection, the one which almost traverses the intersecting street is entitled to proceed notwithstanding the fact that the other car had the right of way.

"The right of way established by municipal ordinance in favor of vehicles using certain streets is not an exclusive privilege, and it must be exercised with due regard to the right of other vehicles to use the intersecting streets." Vance vs. Poree, 5 La. App. 109.

See, also, Marshall vs. Freeman, 10 La. App. 12, 120 So. 414; Brevard vs. N. O. Transfer Co., Inc., 10 La. App. 772, 123 So. 187; Griffin vs. Chalmette Laundry & Dry

Cleaning Co., Ltd., 8 La. App. 146; Smyth vs. Hill Stores, Inc., 8 La. App. 246.

As to the quantum, the evidence clearly shows that the damages were the result of the accident, and that the charges for repairing the Buick car are reasonable.

For the reasons assigned, the judgment appealed from is affirmed, at the cost of appellant.