RAPPELET v. PROGRESS GROCERY CO., INC.

———

(April 21, 1930. Opinion and Decree.)

———

Thomas Tomeny, of New Orleans, attorney for plaintiff, appellee.

St. Clair Adams and St. Clair Adams, Jr., of New Orleans, attorneys for defendant, appellant.

HIGGINS, J. This is a suit for property damages resulting from an automobile collision at the intersection of Kerlerec and Burgundy streets in the city of New Orleans on July 31, 1929, at about 4 o'clock p. m. The charges of negligence against defendant are that plaintiff had traversed the intersection, when the defendant's truck, operated in a reckless and careless manner and at a rate of speed in excess of thirty miles an hour, ran into the right rear side of plaintiff's Pontiac sedan, causing the alleged damages.

The defendant filed a general denial, and averred that the plaintiff was solely at fault in causing the accident through the operation of his car at a rate of speed in excess of the limit fixed by the traffic ordinance of New Orleans, and also in failing to stop at the intersection in violation of the ordinance, and that Burgundy street is a right of way street under the traffic ordinance. Defendant also reconvened for damages alleged to have been sustained by his truck.

There was judgment in favor of plaintiff as prayed for, and the reconventional demand was denied. Defendant has appealed.

The record shows that Kerlerec street runs from the direction of the river to the lake, and is intersected by Burgundy street, which runs from Esplanade avenue toward

the Industrial Canal, at right angles. Plaintiff was driving his Pontiac sedan, with a passenger in the car, on Kerlerec street toward the river. When a short distance from Burgundy street, he sounded his horn and reduced his speed to about five miles an hour in obedience to a stop signal about fifty feet from the intersection. He then proceeded across the intersection at a slow rate of speed. The defendant's truck was being driven on Burgundy street towards the Industrial Canal, and the collision took place by the left front wheel and fender of the truck striking the right rear side of the sedan near the rear door.

There is a building on the lake, uptown corner of the intersection which prevented each driver from seeing the other's car until they were very near the corner. The driver of defendant's truck testifies that he was running about fifteen miles an hour, and that his brakes were in perfect working order, as they had just been repaired; that he saw plaintiff's car when he was about fifteen feet from it, and immediately applied his brakes and tried to turn into Kerlerec street in the direction of the river, when the left front side of the truck struck the plaintiff's car on the right rear side. He further testified that he skidded about fifteen feet, and that the pavement was dry. He also testified:

"Q. Where was the front end of his (plaintiff's) car at the time of the accident?
"A. His car was all the way over the intersection, he was five feet past the intersection.
"Q. And you were going very slowly?
"A. Yes.
"Q. What prevented you from going around the rear of Mr. Rappelet's car?
"A. He was on the other side of the street going over and I thought he would turn or stop. I applied my brakes and turned into Kerlerec. I could not pass as he came along Kerlerec as I was turning."

As the driver of defendant's truck admits he saw the plaintiff's car when about fifteen feet away from it, and says that he was running very slowly, that his brakes were in perfect condition, and that plaintiff's car had crossed the intersection, we are convinced that the driver of the truck was guilty of negligence, which was the proximate cause of the accident, in failing to stop or in failing to pass to the rear of plaintiff's car. He had the last clear chance of avoiding the accident, and failed to do so.

While it is true Burgundy street is a right of way street, plaintiff's car having entered the intersection first, and, in fact, had almost negotiated the crossing, defendant's driver should have permitted it to proceed.

"Whatever may have been the negligence of the party injured the defendant is liable if he might have avoided the accident by the exercise of ordinary caution." Da Ponte vs. Uzzo, 5 La. App. 105.

"Where two automobiles approach an intersection at a right angle, and one of them nearly completes the crossing before the other arrives at the intersection, the one which almost traverses the intersecting street is entitled to proceed notwithstanding the fact that the other car had the right of way.

"The right of way established by Municipal Ordinance in favor of vehicles using certain streets is not an exclusive privilege, and it must be exercised with due regard to the right of other vehicles to use the intersecting streets." Vance vs. Poree, 5 La. App. 109.

See, also, Hirsch vs. Ashford, 5 La. App. 290; Marshall vs. Freeman, 10 La. App. 12, 120 So. 414; Brevard vs. N. O. Transfer Co., Inc., 10 La. App. 772, 123 So. 187; Griffin vs. Chalmette Laundry & Dry

Cleaning Co., Ltd., 8 La. App. 146; Smyth vs. Hill Stores, Inc., 8 La. App. 246.

Plaintiff's car was a Pontiac sedan, four months old, and the testimony shows that the damages were sustained as a result of the accident, and that the estimates for its repair are reasonable.

For the reasons assigned, the judgment appealed from is affirmed.