FRANK DELATOUR, INC., v. MARULLO ET AL.

———

(June 8, 1931. Opinion and Decree.)
(July 1, 1931. Rehearing Refused.)

———

John Singreen, of New Orleans, attorney for plaintiff, appellant.

Edward Rightor, W. H. Sellers and Henry M. Mayo, of New Orleans, attorneys for defendants, appellees.

HIGGINS, J. This is a suit to recover property damages alleged to have resulted from an intersectional collision at the corner of Conti and Burgundy streets on June 17, 1930, at 1:30 p. m.

Plaintiff seeks to hold defendants on the ground that its car had the right of way, having entered the intersection first, and that defendants' car was being operated at an excessive rate of speed.

Defendants denied liability and averred that the accident was caused solely by the fault of the driver of plaintiff's car and in the alternative pleaded contributory negligence.

There was judgment in favor of defendants dismissing plaintiff's suit and it has appealed.

It is conceded by plaintiff that the Woodstock Company, Ltd., one of the defendants, who is sought to be held on the ground of respondeat superior, is not liable.

The evidence shows that plaintiff's car was being driven by its president on Conti street in the direction of the Mississippi river. Defendants' car was proceeding on Burgundy street in the direction of Canal street. The two automobiles met in collision where the streets intersect each other at right angles.

The driver of plaintiff's car and the young lady riding with him both testified that as he approached Burgundy street he slowed down and then attempted to cross. The young lady stated that she saw defendants' car about ten or fifteen feet away coming towards Canal street. The driver of plaintiff's car stated that he did not see defendants' car until it was at his side.

Defendants and their witnesses testified that when defendants' car was about 15 or 20 feet from the corner the driver of plaintiff's car came to the intersection first, slowing down and then speeding up to cross directly in the path of defendants' car. They state that in order to avoid striking plaintiff's car the driver of defendants' car applied the brakes and attempted to turn sharply to the left on Conti street in the direction of the river.

Both parties litigant established the fact that the right front side of defendants' car struck the rear left side of plaintiff's car near the back wheel, the automobiles coming to rest on the uptown river corner of Conti and Burgundy streets.

Counsel for plaintiff strenuously argues that the physical damage being to the left rear portion of plaintiff's car shows conclusively that it had entered the intersection first and, therefore, had the right of way to continue crossing, and, second, that the extent of the damage is evidence of the excessive speed of defendants' car. It would appear to us that the reason why the damage was to the rear of plaintiff's car was because the driver of defendants' car put on his brakes in an attempt to stop and also swerved to his left in a further attempt to avoid the collision. Thus plaintiff's car had an opportunity to come further into the intersection than it would have had if the driver of defendants' car had proceeded across the street in a straight course. It further appears that plaintiff's driver accelerated the speed of the car and made no effort to apply the brakes. This is an additional reason why the plaintiff's car was struck on the rear.

Furthermore, the young lady riding with the driver of plaintiff's car testified that defendants' car was only 15 feet from the intersection at the time plaintiff's car entered it. This satisfies us that both cars approached the intersection at or about approximately the same time. The city ordinance is not pleaded, so neither party had the right of way over the other.

The fact that both cars came to rest practically in the intersection at the uptown river corner of Conti street shows that neither car was proceeding at an excessive rate of speed.

We have carefully read the record and have reached the conclusion that the driver of plaintiff's car was guilty of negligence both in not keeping a proper lookout and in attempting to cross in front of the defendants' oncoming car, which was in dangerous proximity, and consequently, was guilty of contributory negligence.

For the reasons assigned the judgment appealed from is affirmed.

JANVIER, J., takes no part.