## DI CHIARA v. HACKETT et ux.

### No. 16544.

Court of Appeal of Louisiana. Orleans.

Feb. 6, 1939.

Hy. M. Robinson, Joseph A. Scramuzza, and Philip H. Guiffre, all of New Orleans, for appellant.

St. Clair Adams & Son, of New Orleans, for appellees.

WESTERFIELD, Judge.

This suit results from an intersectional collision between two automobiles which occurred on the 4th of February, 1936, at the intersection of Constance and Lyons Streets. Plaintiff, Anthony DiChiara, claims $300 as damages for physical injuries alleged to have been suffered as a result of the collision and defendants, Mr. and Mrs. Allen S. Hackett, reconvened, claiming $269 as damages to their Ford automobile.

There was judgment below dismissing both the main and the reconventional demands and plaintiff has appealed. Defendants have answered the appeal asking for judgment on their reconventional demand.

Plaintiff's Chevrolet automobile, driven by himself, entered the intersection from Lyons Street. Defendants' Ford car, driven by their chauffeur, Sidney Williams, was proceeding up Constance Street in the direction of Audubon Park. The collision occurred in the center of the intersection. Constance Street is a one-way paved thoroughfare while Lyons Street is unpaved.

The plaintiff charges that Williams was guilty of negligence in that he was driving too fast and that he was not keeping a proper lookout. Williams admits that he was going twenty-five miles per hour. It is admitted that the view of both drivers was obstructed by the building on the corner. In other words, it was what is known as a "blind corner" as defined by Section 3 of Article V of the Traffic Ordinance No. 13,702 C.C.S. This section provides that the speed of vehicles should not exceed: "Fifteen miles an hour except on Boulevards and through streets, when approaching within fifty feet of and in traversing an intersection when the operator's view is obstructed. An operator's view

shall be deemed to be obstructed when at any time during the last fifty feet of his approach to such intersection, he does not have a clear and uninterrupted view of such intersection and of the traffic upon all of the streets entering such intersection for a distance of one hundred feet from such intersection."

Williams was running at the rate of twenty-five miles per hour and was, therefore, violating the ordinance in this respect.

DiChiara is charged with negligence in that he failed to stop before entering the intersection of Constance Street as required by Section 9 of Article VI of the Traffic Ordinance, which provides: "Every operator of a vehicle traveling upon any unpaved street intersecting any paved street shall bring such vehicle to a full stop at the place where such streets meet the prolongation of the nearest property line of such paved street, when the operator's view is obstructed * * *".

He is also said to be negligent in that he failed to respect the right of way of Williams as established by Article VI, Section 10 because Williams was approaching the intersection from his right. In regard to this latter charge, plaintiff counters with the contention that he had preempted the intersection and, therefore, was entitled to the right of way. Vance v. Poree, 5 La.App. 109; Smyth v. Hill Stores, Inc., 8 La.App. 246.

Plaintiff and a witness by the name of Cyril Coste testified that he had stopped before entering the intersection in compliance with the ordinance. Louis Le-Blanc and Sol Booze, witnesses for defendants, testified to the contrary. We are inclined to the view that plaintiff did not stop, but giving him the benefit of the doubt, he says that he saw the Williams car when it was forty feet distant from the intersection and that it was travelling about forty miles an hour.

If he came to a stop at the intersection and saw the Williams car approaching at such a rapid rate of speed, it was highly imprudent for him to attempt to cross. Marsiglia v. Toye, La.App., 158 So. 589. The argument that DiChiara preempted the crossing is based upon the fact that his Chevrolet was struck by the Ford on its right side. In other words, the Ford hit the Chevrolet and the Chevrolet did not strike the Ford, but as we said in DeLatour v. Marullo, 17 La.App.

181, 135 So. 63, this circumstance is not conclusive and we are convinced that, in this instance, DiChiara attempted to beat the Ford across the intersection as is indicated by his testimony.

Our conclusion is that both drivers were negligent and that their negligence was the proximate cause of the accident. It results, therefore, that neither can recover and that the judgment of the trial court dismissing both demands is correct.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.