The issues in these two consolidated cases are stated in the original opinion handed down on December 12, 1940. We reversed the judgment in both cases and held the defendants liable on the ground that Bonin had the last clear chance to avoid the accident and failed to do so. A rehearing was granted in order that the litigants might present their argument on the application of the last clear chance doctrine to the facts in the case, as this doctrine was not discussed by either side on the original hearing.
A re-consideration of the case convinces us that our decree awarding the plaintiffs damages in each case was correct, and we have reached the further conclusion that the liability of the defendants can also be based on the negligence of Bonin as the proximate cause of the accident, the negligence of Boullion being too remote to be a contributing cause.
As was stated in the original opinion, Boullion was more than two-thirds across the intersection of Sixth Street and Cushing Avenue when his truck was struck on its right side near the center by Bonin's car. Accepting as the place of the impact the point indicated by Bonin himself on the sketch in the record, it is obvious that Boullion had traveled more than 60 feet across Cushing Avenue and had almost reached the western margin of the intersection when his truck was struck such a terrific blow on its right side by the Bonin car as to throw the truck against a telephone post at the southwest corner of the intersection, knocking down the post and causing a large dent in the left side of the truck where it struck the post.
Boullion was not driving over 20 miles per hour while Bonin was driving at least twice that fast. At the southern margin of the intersection, Cushing Avenue is 76 feet wide while Sixth Street on the western margin is only 37 feet wide. It can thus be seen that while Boullion was traveling almost entirely across this wide avenue for some 60 or 65 feet, Bonin had traveled less than 25 feet in the intersection when the collision occurred. As Bonin was going at least twice as fast as Boullion, it is easy to determine that Boullion was at least half way across the intersection when Bonin entered it. That is to say, Boullion had traveled some 40 feet or so into the intersection when Bonin entered it.
It is well settled that where a motorist reaches an intersection first and has traversed a good part of the intersection before another motorist reaches the intersection at right angles to him, the one who has entered and is traversing the intersection when the other arrives at it is entitled to proceed across, regardless of the fact that such motorist may be crossing a right of way street. Smyth v. Hill Stores, Inc., 8 La.App. 246; Marshall v. Freeman, 10 La.App. 12, 120 So. 414; Welsch v. Laundry, 13 La.App. 20, 127 So. 751.
Boullion was traversing the intersection which he had pre-empted at a lawful rate of speed. Bonin approached the intersection at an excessive rate of speed without keeping a proper lookout for Boullion, who was crossing the intersection right in front of him. As we found in the original opinion and as is practically admitted, Boullion was guilty of negligence in failing to slow down or stop before entering the intersection and in his failure to see Bonin coming down Cushing Avenue at an excessive rate of speed. But this negligence of Boullion was not the proximate cause of the accident as it was too remote to be a contributing factor to the accident. His negligence in this respect had become too remote in time and space to be considered as active and continuous at the time the collision occurred.
The failure of Boullion to stop and bring his truck under control before entering Cushing Avenue was a violation of a town ordinance, but, unless this violation of a regulatory ordinance was one of the proximate causes of the accident, it would not bar his right of recovery. Had Boullion come to a complete stop before entering the intersection and had then *Page 540 
proceeded across as he did the accident would have happened as it did had the same situation existed as to the spaces between the two vehicles after Boullion got into the intersection and had Bonin been going at the speed he was without seeing Boullion traversing the intersection in front of him. To say that the accident would not have occurred had Boullion stopped before entering the intersection because Bonin would have had time to pass in front of him is pure speculation. It would be just as reasonable to say that the accident could have happened in the same way had Boullion stopped five or ten minutes before entering the intersection if Bonin had been the same distance from him and traveling at the same speed he was going after Boullion got into the intersection. Bodin et ux. v. Texas Co. et al., La.App., 186 So. 390.
The same thing may be said of Boullion's failure to see Bonin coming at right angles to him before or at the time the former entered the intersection. Had Boullion seen the Bonin car as he should have seen it before he entered the intersection, the Bonin car was then a sufficient distance from the intersection to have justified Boullion in believing that he had ample time to cross the intersection before Bonin reached it had the latter been going at a lawful and reasonable rate of speed. In the case of Hamilton v. Lee et al., La.App., 144 So. 249, 253, the following pertinent extract is quoted from Berry on Automobiles, 6th Ed., vol. 1, § 1049: "`A driver approaching an intersection saw a machine approaching about 150 feet distant from his right. He kept on without again looking, and was almost across the intersection when he was struck by the other car. Held, that he was not contributorily negligent as a matter of law in not looking to the right again after entering the intersection.' Citing Ellis v. Olson, 139 Wn. 351, 246 P. 944."
In stating the rule that in order to bar a recovery the contributory negligence of the plaintiff must be a proximate cause of the accident, Blashfield in his Cyclopedia of Automobile Law and Practice, Perm.Ed., vol. 4, p. 364, § 2553, says: "Contributory negligence is a part of the doctrine of proximate cause, that is, to bar a recovery for an injury it must be the proximate cause thereof, and, before an illegal act or omission can be held to be contributory negligence, it must appear that there was a casual connection between such act or omission and the injury complained of. The mere collateral wrongdoing of the injured person cannot of itself defeat a right of recovery for the injury if it did not proximately contribute thereto, and, although one injured in an automobile accident may have been guilty of negligence, yet, if his negligence did not so contribute to his injury as that, but for such negligence on his part, he would not have received the injury, it will not bar a recovery."
Several Louisiana cases are cited by Blashfield in support of his statement of the law quoted above, some of them strikingly similar to this case. In Cooke v. Seegers, 17 La.App. 313, 136 So. 216, 217, our Brethren of the Second Circuit made the following pertinent statement: "The counsel for the defendant contend that the admission, which was made by Mrs. Cooke, that she did not see defendant's automobile until it was about to strike her own is an admission of contributory negligence, barring recovery. That contention we think cannot relieve the defendant from liability in this case. If it was negligence for Mrs. Cooke to fail to have seen the defendant's automobile before entering the intersection, her negligence in that respect did not contribute to the accident, but occurred prior in point of time to the negligence of the defendant, which was the proximate cause of the accident. She left a point of safety and had reached a point of safety had it not been for the careless driving of the defendant in approaching the intersection and entering it at a high rate of speed, and attempting to drive to the left and in front of her. His duty was to check his speed and keep to the right. If he had done so, the accident would not have occurred." See also Teissier et ux. v. Stewart et al., 11 La.App. 164, 121 So. 777; Shields v. Succession of Hodge, 13 La.App. 546, 128 So. 530.
We therefore conclude that whether we base our opinion on the ground that the negligence of Boullion was not a proximate cause of the accident, or on the ground that Bonin had the last clear chance to avoid it as held in the former opinion, the result is the same. As already stated, the negligence of Boullion was not active and continuous up to the moment of the accident and was not concurrent with that of *Page 541 
Bonin, but his negligence had become inactive when the collision occurred. The negligence of Bonin was not only active and continuous up to the moment of the collision but it was the direct and proximate cause of it. Moreover, as pointed out in our former opinion, Bonin had the last clear chance to avoid the accident but failed to avoid it.
There does not seem to be any serious question as to the amount of damages awarded in each case, and there is no reason to reconsider that question or change the amount of the awards.
For the reasons herein assigned, it is ordered that our former decree in the case of Rudolph E. Boullion v. Dallas Bonin, Kaplan Rice Mills, Inc., and Employers Liability Assurance Corporation, be and the same is hereby re-instated and made the final judgment of this court.