The automobile collision from which this suit has resulted occurred at about 12:30 o'clock of the early morning of January 21, 1940, at the intersection of City Park Avenue and Toulouse Street in New Orleans.
Plaintiff, Francis A. Martin, accompanied by several friends, was driving his automobile on City Park Avenue, which is a wide, two-way thoroughfare having a raised neutral ground in the center. He was proceeding from Canal Boulevard towards Bayou St. John. Defendant, Favalora, was alone in his car, which he was operating on Toulouse Street towards Lake Pontchartrain, so that as he reached City Park Avenue plaintiff's car was approaching the same intersection and from Favalora's left. The two streets do not meet at right angles so that as the two vehicles approached the intersection the driver of each was facing partially towards the other. The automobiles met in the intersection, the Favalora car having almost reached the line of the neutral ground at the time of the impact.
Martin brought this suit for damages against Favalora alleging fault on the part of the said defendant, and charging that he had failed to accord to plaintiff the right of way to which he was entitled under the provisions of the City Traffic Ordinance No. 13702 C.C.S., and charging also that Favalora had entered the intersection suddenly, without warning and without first having brought his car to a stop.
Favalora admitted the occurrence of the accident, denied that there was any negligence on his part and averred that Martin, himself, was entirely to blame in that he was operating his car without lights, and for the further reason that he failed to exercise proper care of and control over his car as he approached and drove into the intersection. And Favalora particularly charged that Martin was negligent in that he entered the intersection and drove into defendant's car after the latter had preempted the said intersection.
In the alternative, that it should appear that Favalora was in any way at fault, he averred that that fault was not the proximate cause but that the said proximate cause was the negligence of Martin in the particulars alleged. The judge a quo, finding both drivers at fault, each in not noticing the other car, rendered judgment dismissing the suit. Plaintiff has appealed.
Counsel for plaintiff maintains that his client was entitled to the right of way, pointing to the Traffic Ordinance already referred to, No. 13702 C.C.S.
From the copy of the ordinance which is before us, we do not find that any special rights are accorded to the operators of vehicles on City Park Avenue, or that that avenue is one of those specially designated in the said Ordinance as thoroughfares. But conceding that that car was entitled to the right of way, it is well settled that the operator of a car on a right of way street must yield to any other vehicle which may have already entered and preempted the intersection. Vance v. Poree, 5 La.App. 109; Hirsch v. Ashford, 5 La.App. 290; Griffin v. Chalmette Laundry 
Dry Cleaning Co., Inc., 8 La.App. *Page 734 
146; Smyth v. Hill Stores, Inc., 8 La.App. 246; Marshall v. Freeman, 10 La.App. 12, 120 So. 414; Welsch v. Sue Wah Laundry, 13 La.App. 20, 127 So. 751; Rappelet v. Progress Grocery Co., Inc., 13 La.App. 287, 127 So. 760; Laughlin v. Sullivan, 14 La.App. 490, 131 So. 687; Bethancourt v. Bayhi, La.App., 141 So. 111; Schexnaildre v. Bledsoe, La.App., 194 So. 45. And we think it obvious that Favalora already had entered and preempted the intersection before the other car reached it.
The Favalora car had almost crossed the roadway when it was struck for there is nothing in the record which authorizes a rejection of Favalora's testimony that the front of his car had just about reached the neutral ground when Martin's car crashed into it.
It is the contention of counsel for plaintiff that the right front corner of his car came into contact with the left front corner of the Favalora car and that this fact demonstrates that the two vehicles must have entered simultaneously. But the record convinces us that it was rather the entire front of the Martin car which was involved and that it struck the Favalora car not on its left front fender but rather farther back, in fact, at about the front door. Martin, himself, said that "It (the Favalora car) was in front of me and I struck it", and, referring to the damage to his own car, he said: "All the front of it was mashed in." He admitted that the other car was damaged "over the left front fender right where it meets the door." In his testimony on cross examination is found the following:
"Q. The entire front of your car hit the left side of Mr. Favalora's car, is that correct? A. Yes sir, about where the left front fender met the body."
Mr. Morgavi, one of plaintiff's witnesses, corroborated this when he said: "The front of Martin's car hit his car."
There is much in the record which creates the suspicion that the lights on the Martin car might not have been burning as the two vehicles approached the intersection. But we need reach no definite conclusion on this point because we are well convinced that whether Mr. Martin's lights were burning or not, the Favalora car already had entered the intersection when the Martin car entered it and, in fact, that the former car had almost completed the crossing when it was struck.
It is therefore ordered, adjudged and decreed that the judgment appealed from be, and it is, affirmed at the cost of appellant.
Affirmed.