No. 3774

**Second Circuit**

—

MATSLER v. JONES MOTOR CO., INC., ET AL.

—

(June 2, 1930.  Opinion and Decree.)
(July 5, 1930.  Rehearing Refused.)

—

Shotwell & Brown, of Monroe, attorneys for plaintiff, appellee.

Theus, Grisham, Davis & Leigh, of Monroe, attorneys for defendants, appellants.

DREW, J.  Plaintiff, on June 4, 1929, brought suit against Jones Motor Company, Inc., and V. J. Maish, alleging that said defendants were indebted unto plaintiff in solido in the full sum of $20,339 for injuries sustained by plaintiff by being struck and knocked down by an automobile driven by V. J. Maish, an employee of Jones Motor Company, Inc., while acting within the scope of his employment and in the discharge of his duties; plaintiff further alleged that, at the time she was run into by said automobile, she was crossing De Siard street in the city of Monroe at the point where Third street intersects De Siard street; that plaintiff was within the white lines marked off at said intersection for the use of pedestrians; that she had observed the condition of the traffic at said point before crossing the street and had reached a point beyond the center of the street, traveling from the southern to the northern side of De Siard street, when the car then being driven by V. J. Maish, in an easterly direction along De Siard street, was driven into plaintiff with such force and violence as to hurl plaintiff to the pavement, whereby she sustained a ver-

tical fracture of the outer condyle of the tibia (the larger bone of the lower leg); that a fragment was broken off of said bone, being about one inch in width and one and one-half inches in length, which was displaced outward, approximately one-half of an inch; that the head of the fibula (the smaller bone of the lower leg) sustained a splitting fracture running obliquely across the head and shaft and extending inward and upward. That in addition to the injury to petitioner's knee as above set out, petitioner sustained numerous bruises and contusions about the body; that her back and shoulders were badly wrenched and sprained, all of which caused her great bodily suffering and soreness and greatly impaired her general health. That, as a result of said injuries, plaintiff was confined to her bed for a period of twelve weeks with her left leg packed in sand bags, during which period she suffered great pain and inconvenience attendant upon being confined to bed without being able to move or shift her body; that, after being able to leave her bed, she could move about only by the use of a wheel chair which was being used by petitioner at the time her suit was brought, and she further averred permanent disability and that in the event she should regain any future use of her limbs, that mobilization would always be attended with severe pain.

Plaintiff itemized her damages as follows:

(a) Pain and suffering undergone
   by petitioner because of said
   accident ...........................$ 5,000.00
(b) Permanent disability; impairment of petitioner's health; inability to do any work of any reasonable character; impairment of petitioner's general health and loss of resistive power ..................... 10,000.00
(c) Pain and suffering which your petitioner will have to undergo through the balance of her natural life on account of said injury.............. 5,000.00
(d) Expenses:
   Sanitarium bill..........$ 14.00
   Drugs and medicines    31.00
   Nurses' bill........................ 144.00
   Doctors' bill..................... 100.00
   Wheel chair, crutches and other incidental expenses......... 50.00
                                    ————— 339.00
      Total........................................$20,339.00

Plaintiff further alleged that said accident resulting in her injuries was caused solely by the carelessness, negligence, and wanton disregard of her rights on the part of the said V. J. Maish in the operation of the Hudson brougham automobile which he drove into plaintiff at said street intersection while running at a high rate of speed and without giving warning by the sounding of his horn or otherwise.

Defendants filed answer admitting the occurrence of the accident, but denying that it resulted through the negligence of the said V. J. Maish in operating the Hudson brougham automobile which they denied he was driving in a careless or negligent manner, and further admitted that plaintiff received some injuries, but denied that she was injured to the extent which she alleged and further alleged that such injuries as plaintiff sustained were due to plaintiff's fault or negligence in walking into or onto the street directly in front of a moving car which was being operated in a lawful, prudent manner.

Defendant, Jones Motor Company, Inc., further admitted that the car or truck which was being driven by the said V. J. Maish was owned by defendant, Jones Motor Company, Inc., and that the said V. J.

Maish was the servant and employee of the said Jones Motor Company, Inc., and was then acting within the scope of his employment.

Upon the issues so made, the case was tried and submitted to the district court and judgment was rendered in favor of the plaintiff and against the defendants, Jones Motor Company, Inc., and V. J. Maish in solido, in the sum of $8,500, together with legal interest from judicial demand and all costs. From the judgment thus rendered, the defendants prosecute this appeal. Plaintiff has answered the appeal praying that the judgment of the lower court be increased to $12,500 or $15,000.

Dr. Julie B. Matsler, plaintiff in this case, is a widow, who, prior to the accident, earned her livelihood by the practice of her profession of osteopathy in the city of Monroe, which profession she has followed since 1904. It was her sole means of support.

The accident occurred about one o'clock in the day on January 12, 1929, at the corner of De Siard and Third streets in the city of Monroe, La. The sun was shining and the street at this point was paved with asphalt and was dry and in good condition. The street is forty feet wide, with a street car track in the center. It is about twenty feet from the curb on the south side of said street to the street car track, and there were no automobiles parked on the south side of said street at the time of the accident. There was sufficient space south of the street car track for three cars to travel abreast. Plaintiff, before attempting to cross the street, stopped and looked in both directions. There was no car coming from the east, but she did see a car down the street some distance, coming from the west. Realizing

she had plenty of time to cross in safety, she proceeded to walk slowly across the street, walking within the white lines marked off for pedestrians. She had either reached the car track in the center of the street or was within a few feet of it when she was struck by defendant's car. The testimony of all witnesses, including the statement signed by the defendant driver immediately after the accident, shows that plaintiff fell on the south rail of the street car track. The defendant driver testified that he saw plaintiff when she was three or four feet from the curb, when she stopped and looked in both directions and then started on across the street; that he did not see her any more until he was in the act of striking her with his car, and that he swerved to the right to keep from running over her with his wheels.

There was no obstruction in the street and nothing to prevent the defendant driver from seeing plaintiff continuously from the time she entered the street, when he admits he did see her, until she had crossed the street, and the fact that he did not see her is because he was not looking and was not keeping a lookout for pedestrians at street crossings, which the law clearly makes his duty.

It was clearly the duty of the defendant driver, upon seeing plaintiff enter the street, to have put his car under control, to have sounded his horn and to have kept a close lookout ahead. He did not sound his horn and, admittedly, did not keep a lookout ahead. His failure to do so was the proximate cause of the accident and was gross negligence on the part of the defendant driver.

Defendant driver admitted to several witnesses immediately after the accident that he was not looking or watching for pedestrians when he struck plaintiff. This

only corroborates the testimony given by him on trial and the physical facts in the case. For this court to hold that he was keeping a proper lookout would necessitate our holding that he purposely ran over the plaintiff, which is not contended, nor do we think a fact, for he had sixteen or eighteen feet to his right in which to pass the plaintiff, had he been looking where he was going. The evidence is convincing that defendant was driving in the center of the street, possibly straddling the car rails, for plaintiff was struck while on the car track or very near to it, and defendant driver testifies that he swerved to the right before striking her. This testimony, we think, is conclusive that he was not driving on the right-hand side of the street where the law of the road requires him to drive.

Blashfield on Automobiles lays down the following principles of law that are sound:

"A person in charge of a vehicle approaching a street crossing is bound to the reasonable use of his senses to prevent injury to persons on foot using the crossing, and is bound to exercise such reasonable caution as an ordinarily careful and prudent person would exercise in like circumstances; such ordinary care and prudence requiring the driver to exercise the greatest caution, or, as it is expressed in some jurisdictions, requiring him to be highly vigilant and maintain control so that he can, on the shortest possible notice, stop his vehicle if necessary to prevent danger to pedestrians, or so as to obviate, as far as reasonably possible, a collision with pedestrians." Blashfield's Cyclopedia of Automobile Law, Vol. 1, p. 598.

"Greater care is required from a motorist to avoid accident on a street crossing or in the crowded streets of the city than in streets of the open or suburban parts. * * *" Blashfield's Cyclopedia of Automobile Law, Vol. 1, p. 599.

"In the performance of such duty, besides having his car under reasonable control the driver of an automobile must keep a lookout ahead, operate his machine at a reasonable speed, having regard to the traffic, and give reasonable and timely warning of his approach by the usual and customary signal." Blashfield's Cyclopedia of Automobile Law, Vol. 1, p. 600.

In the case of Johnson v. Boyle, 5 La. App. 362, the court said:

"Drivers of motor vehicles owe children, aged, infirm and drunken pedestrians, especial care, particularly at intersections, where pedestrians, observing police regulations, have the right of way."

And in the case of Da Ponte v. Uzzo, 5 La. App. 105, the court said:

"Upon approaching the intersection of two much frequented streets within the limits of this city, it is the duty of a chauffeur to check up his speed and to use more than ordinary care to avoid injury to persons or property."

Where this accident occurred is in the heart of the business district of the city of Monroe, and the principles laid down in the above citation are applicable to this case, and the defendant driver has signally failed in his duty to the plaintiff. She was observing police regulations and was within the white lines marked off for use of pedestrians and had reached a point of safety before being struck by the defendant driver. She was guilty of no negligence, while the negligence of defendant driver is such as to amount, almost if not entirely, to criminal negligence.

Defendant, Jones Motor Company, Inc., admits that V. J. Maish, the driver of the automobile, was in its employ, driving its car, and was at the time acting within the scope of his employment, therefore it is unnecessary to discuss this point.

The judgment of the lower court holding both defendants liable in solido is correct, and the only remaining question is the amount of damages to be allowed.

Plaintiff's injuries, as set out in the pleadings, have been fully established and without contradiction. She was well and healthy at the time of the accident and engaged actively in her profession of osteopathy. Since the accident she has aged greatly due to the intense suffering; she has become melancholy and at the time of trial was still suffering constantly; she has been entirely deprived of practicing her profession, her sole means of support, and has been made a charge for her daughter; she can get about only with the aid of crutches and the uncontradicted testimony is that she will have to use crutches, or possibly a stick, the remainder of her life. She can never stand on her feet again to practice her profession. She cannot practice her profession sitting down.

The lower court's award of $8,500 is not far out of line; however, we think a judgment for $10,000 will be nearer an adequate award.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court in favor of the plaintiff and against the defendants, Jones Motor Company, Inc., and V. J. Maish, in solido, be increased from the sum of $8,500 to $10,000, and as amended, that the judgment of the lower court be affirmed.