YARRUT, Judge.
Plaintiff appeals from a judgment in favor of Defendants, Clifton L. Trahan and his insurer (Allstate Insurance Company), dismissing a suit brought in his own and, also, on behalf of his minor son who sustained injuries when struck by an automobile driven by Mr. Trahan. Hereafter, reference to Defendant will be to Mr. Trahan alone.
Defendant testified he was driving on Felicity Street in New Orleans, Louisiana, toward the river, approaching the intersection of Felicity and Dryades Streets, when he first saw Plaintiff’s son (then 8 years old) run from behind a parked automobile at a 45-degree angle toward his automobile at a time when the child was approximately 18 feet from him. He immediately applied his brakes, but his car struck the child. The child fell but immediately got up and continued running. Plaintiff further testified that he was driving between 18 and 19 miles an hour, slowing up as he approached the intersection, even though a green traffic light was in his favor, because he knew that children, frequently played in the area.
In addition to Defendant, the witnesses to the accident were Ernest Bates, Sr.; James R. Lucky, Jr., the Plaintiff’s son; and James R. Lunsford. Mr. Bates, who-was talking to a friend at the corner on the river side of Dryades Street and the uptown side of Felicity Street, directly across Dryades Street from the scene of the accident, testified Plaintiff’s son was walking in the crosswalk with the traffic light in his favor when he was struck by Defendant’s car; that he saw Defendant’s car increase its speed as it approached the intersection; and that it traveled about a foot and a half after the impact.
Plaintiff’s son testified that he did not look to the left as he crossed the street, and did not see Defendant’s automobile before the impact, but did notice that the light facing Dryades Street changed from red to yellow, and then to green before he started to cross the street. However, on cross-examination he testified as follows:
“Q. Do you remember when the accident —just before the accident took place —what color was the light for you ?
“A. I don’t know.”
Mr. Lunsford who was standing on the corner across Felicity Street from the scene of the accident, testified that Defendant’scar traveled, at most, a couple feet after the impact.
In his reasons for judgment the trial judge accepted the Defendant’s version of the accident, with which we can find no manifest error.
With regard to Mr. Bates’ testimony, it is to be noted that, althortgh he testified *131 Defendant speeded up as he approached the intersection, he also said that Defendant’s automobile traveled only about 18 inches after the impact; and it is undisputed that Defendant brought his car to a stop before it entered the intersection.
In connection with Plaintiff’s son’s testimony, the trial judge noted that a traffic light does not change from red to yellow and then to green but only from green to yellow and then to red. As noted above, the child, on cross-examination, answered that he did not know what color the light was when he crossed.
The cases cited by Plaintiff are inap-posite here. In Danna v. London Guarantee & Accident Company, La.App., 147 So.2d 739; Walker v. Jarnevich, La.App., 102 So.2d 770; and Reeves v. State Farm Mutual Automobile Ins. Co., La.App., 149 So.2d 230, the court found the defendants were proceeding at excessive speeds. In the Danna case, the defendant vehicle traveled 35 to 40 feet after the impact with the child lodged on the hood of the car. In the Walker case, the child was carried on the fender of the car some 96 feet after the impact, and in the Reeves case, the defendant vehicle skidded 64 feet to the point of impact. In Matsler v. Jones Motor Co., 14 La.App. 175, 128 So. 721, also cited by Plaintiff, the defendant admitted to witnesses that he was not keeping a lookout for pedestrians, and the court concluded that he could easily have seen the plaintiff who entered a regular pedestrian crossing in a normal manner.
In the instant case the Defendant, traveling only 18 or 19 miles an hour, was slowing up as he approached the intersection and immediately applied his brakes at the first opportunity he had to see the child running into the path of his car.
For the above reasons the judgment appealed from is affirmed; Plaintiff to pay all costs in both courts.
Judgment affirmed.