### No. 10,116.
### Orleans

---

MICHEL BROS., INC., v. CHARLES MALLYNN, Appellant

(Nov. 2, 1925, Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Automobiles—Par. 4 (d).**
When plaintiff's violation of a traffic ordinance does not appear in any manner to have contributed to the cause of an accident or to have had anything to do with the negligence of the defendant, then such violation does not preclude recovery.

2. **Louisiana Digest—Damages—Par. 90; Evidence—Par. 349.**
Unrebutted evidence or necessary itemized repairs to a damaged automobile will be allowed when the court is satisfied that the damages are reasonable.

(Civil Code, Art. 2315. Editor's note.)

Appeal from the First City Court of New Orleans, Section "C"; Hon. William V. Seeber, Judge.

This is a suit for damages arising out of an automobile accident. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Woodville and Woodville, of New Orleans, attorneys for plaintiff, appellee.

Daly and Hamlin, of New Orleans, attorneys for defendant, appellant.

BELL, J. Defendant appeals from a judgment awarding the plaintiff $103.45, the amount representing necessary repairs to to two automobiles belonging to plaintiff. With one of these cars, defendant's automobile collided, causing damages to both of plaintiff's cars. The accident occurred about three o'clock on the morning of November 1, 1923, in the City of New Orleans, at the intersection of the Spanish Fort road and Canal Boulevard.

The drivers of the three cars were all returning from Halloween parties at Spanish Fort, where they had spent the greater part of the night. The plaintiff's cars were an "Overland" and a "Ford". The former became disabled because of some portion of the car's mechanism being loosened or disconnected. For this reason, the driver of the Overland car had stopped and parked on the right hand side of the Spanish Fort road, the car heading toward the New Basin Canal, in·order that the driver might repair the engine trouble which prevented him from going further on his journey. While the Overland car was in this position between the two roadways on Canal Boulevard, as these roadways intersected the Spanish Fort road, the driver of the Ford car coming up behind and finding that the Overland car driven by his brother was in trouble, drove the Ford car to the extreme right of the Spanish Fort road, turning it around so that its headlights would shine directly on the front of the Overland car. While both cars were parked in this head-on position, and well to the right of the road, the trouble in the Overland car had almost been rectified when defendant's automobile, also coming from the direction of Spanish Fort, smashed into the rear of the Overland car and threw it in turn against the Ford car, causing the damages which have been claimed and allowed.

The plaintiff charges defendant with negligence in that he was driving at a dangerous and reckless speed, and in such a careless manner as to cause the accident which could have been easily avoided. The defendant answers by averring that the municipal lights at the junction of the roadways were not burning; that the plaintiff's Ford car was not parked to the right of the Spanish Fort road nor fronting toward the New Basin Canal, like the Overland car, but was, in fact, parked in the middle of the roadway, against traffic, and facing the direction from which defendant was traveling; that the glaring headlights on the Ford car blinded defendant's vision so as to prevent him from seeing any obstructions on the right of the roadway, directly in front of him. It is also charged that all of the lights, particularly the tail light on the Overland car, were not burning, thus depriving defendant of the opportunity of knowing or seeing the danger ahead of him. It is finally charged that both of the palintiff's cars were parked in an intersection and not twenty-five feet therefrom. The city traffic ordinances in reference to parking and lighting of motor vehicles, are cited and pleaded by defendant, and it is finally contended that no legal nor sufficient proof of the alleged damages have been made, and that therefore none can be allowed.

The small amount involved herein does not justify any lengthy comment on the testimony adduced at the trial. We find, by a preponderance of evidence, that this case, which involves largely issues of fact, is with the plaintiff, and there is nothing in the record which causes us to believe that the trial judge, who saw and heard the witnesses, could have erred in his conclusion as to the facts. We find, from the evidence, that both of plaintiff's cars were on the proper side of the road, and well to the right thereof at the time of the accident, although it is true that the Ford car was parked in the wrong direction, the reason for its being so parked with its left side to the curb, has already been noted, and while the reason was a good one, there was, nevertheless, a violation of the traffic ordinance C. C. S. 6173, Art. I, Sec. 7, also Art. V, Sec. 1 (e). It may also be true that the lights on the disabled Overland car were not burning, though as to this fact we are in considerable doubt, but if the lights, particularly the tail light on this car, was not burning

ing, and the traffic ordinance in this respect was also violated, none of these violations can be pleaded by the defendant unless it can be clearly shown that such violations were the direct or contributing causes of the accident. We do not find them to have been so, for two reasons. The fact that the Ford car was parked in a direction against traffic could not have been the cause of defendant striking the Overland car which was nearest to him, nor could the doubtful fact that the Overland car's lights were out have caused defendant not to have seen the car in time to prevent collision with it. By a preponderance of evidence, it is established that the place of the accident was well-lighted by the city lights, and also that the rays of light from the Ford car were shining well upon and about the Overland car.

We do not find, under the circumstances of this case, that Art. V, Sec. 1 (e) of the ordinance was violated.

Defendant contends that both of plaintiff's cars were parked immediately within the two roadways of Canal Boulevard, which intersect with the Spanish Fort road, and were not within twenty-five feet of either street intersection. This section must be read in connection with Art. III, Sec. 9 (b) of the ordinance, which provides.

"That in case of necessity, vehicles may be stopped in the public streets for the replacement or repair of tires or for minor adjustments, but shall not be stopped in such a manner as to impede traffic."

It is not possible, from the evidence, to attribute the cause of the accident to either the manner in which or the place at which plaintiff's cars were parked. The plea as to violation of traffic ordinances in this respect is therefore not available as a defense. Bellocq vs. Hotel DeSoto Company, No. 8567, Orl. App.

We find the defendant was wholly at fault in failing to see the parked cars when he should have seen them, and by driving at an excessive speed, a fact which must be inferred from the extent of the damage to the cars as well as from the position in which the Ford car was found after the accident, this car having been driven, by the severe impact, from the far side of the Spanish Fort road into the middle thereof.

The repair bills offered in evidence are carefully itemized and annexed to the petition, and proof of their payment by plaintiff has been fully established. Letters in the record, as well as the fact that the repair bills were made part of the petition, show that the defendant was given every opportunity to know the extent of damage contended for. In Hendren vs. Crescent City Seltzer Water Company, 1 La. App. 25, 625, this Court decided that:

"Where plaintiff testifies to the actual itemized repairs necessary to his damaged automobile, and where there is no evidence to the contrary, such damages will be allowed when the Court is satisfied that they are reasonable. (178 N. W. 238, 211 Pac. 760)."

For the reasons herein stated, it is ordered that the judgment appealed from be affirmed, at defendant's cost in both courts.