LEE ROBY, Appellant, v. PETER GRAHAM, INC.

---

(February 1, 1926.  Opinion and Decree.)
(February 15, 1926.  Rehearing Refused.)

---

(Syllabus by the Court.)

1. **Louisiana Digest—Automobiles—Par. 4 (d).**

An act committed in violation of a city ordinance does not impose liability for the injury resulting therefrom unless the injury was the natural and direct consequence of the violation.

(Civil Code, Art. 2315.  Editor's note.)

Appeal from Civil District Court, Hon. Hugh C. Cage, Judge.

This is a suit in damages resulting from a collision between a motorcycle and a truck. There was judgment for defendant and plaintiff appealed. Judgment affirmed.

J. J. Wingrave of New Orleans, attorney for plaintiff, appellant.

Henry Mooney and J. C. Foster of New Orleans, attorneys for defendant, appellee.

CLAIBORNE, J.  This is a suit in damages resulting from a collision with an automobile.

The plaintiff alleged that on November 9, 1923, defendant's employee operating a truck belonging to the defendant collided with petitioner, who was riding a motorcycle, and inflicted upon him a double fracture of his right leg; that the injury sustained by petitioner was wholly the fault of the colored chauffeur and employee of defendant company, and was

due to the negligence and violation of the automobile traffic laws by the·said servant of the defendant; that on the uptown side of Dumaine Street and the rear side of Prieur Street and about 20 feet from Prieur Street the automobile truck of defendant was parked; that as petitioner approached the Prieur and Dumaine intersection the chauffeur of defendant cut diagonally across from the upper side of Dumaine Street in order to follow traffic down Prieur Street; that had the chauffeur of defendant come to the intersection of the streets and followed traffic the collision and injury sustained by petitioner could have been averted; that when defendant's chauffeur cut diagonally across petitioner's path in violation of the traffic laws, defendant, its agent and employee was negligent and because of said negligence on the part of defendant and their servant petitioner sustained the injury to his right limb and lacerations of the head and body, etc.

Petitioner prayed for $10,000 damages.

The defendant admitted the accident, but denied all the other allegations of the petition. Further answering, it alleged:

That defendant company is engaged in the wholesale grocery business; that its truck was driven on that day by one Moore and was engaged in delivering groceries to customers;. that Moore is an experienced chauffeur; that Moore had stopped at the grocery of one Weixel on the uptown side of Dumaine Street at about twenty feet from the corner of Prieur Street; that after making a delivery there he crossed the intersection and proceeded down Prieur Street; that he had crossed the downtown river corner and his truck was almost entirely on Prieur Street, leaving only the rear end remaining on Dumaine Street, when plaintiff's motorcycle crashed into the rear portion of the truck;

that not only the plaintiff was riding on the motorcycle, but two other companions, which overloaded it so that plaintiff could not properly control it; that the plaintiff was driving at the rate of 25 miles an hour; that the proximate cause of the accident was plaintiff's negligence in not looking ahead to avoid the traffic on the street, in not avoiding defendant's truck when he had ample space to do so, and in carrying two companions upon the motorcycle.

Upon the trial of the case the plaintiff did not offer in evidence the whole of the traffic ordinance, but only that portion of it "relating to the correct way to turn to the right and left."

There was judgment for defendant and plaintiff has appealed.

In his reasons for judgment the learned Judge a quo says: "His (plaintiff's) sole charge of negligence is, that the truck driver did not proceed to the center of Prieur Street before turning down Prieur Street, so as to leave·the central point of the intersection of these two streets on his left hand side. The driver of the truck and the grocer Weixel testified that this is exactly what the truck did do."

Without passing upon the correctness of these conclusions, we are of the opinion that it is not shown that this omission, even if true, was the cause of the accident, and the accident might have happened even if the defendant's chauffeur had obeyed the traffic ordinance in this particular.

Considering that the only issue involved in the case was that stated by the District Judge, we see no error in his judgment, which is therefore affirmed.