No. 2628
Second Circuit

---

SPAINHOUR v. DULANEY

---

(June 30, 1926, Opinion and Decree)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Automobiles—Par. 4, 4 (b).**

The party driving an automobile who first reaches a street intersection, having the right of way, the other party must respect that right, and if he fails to do so he is guilty of negligence.

2. **Louisiana Digest—Automobiles—Par. 4, 4 (b).**

One who drives his car into an intersecting street must not only reduce the speed of his automobile but must be sure before he crosses it that there are no vehicles approaching on the street sufficiently close to cause a collision.

Appeal from the Second Judicial District Court of Louisiana, Parish of Claiborne, Hon. John S. Richardson, Judge.

Action by C. E. Spainhour against A. D. Dulaney. There was judgment for defendant. Plaintiff appealed.

Judgment affirmed.

McClendon and Seals, of Homer, attorneys for plaintiff, appellant.

T. T. Land, of Homer, attorney for defendant, appellee.

WEBB, J.     In this action plaintiff seeks to recover judgment against defendant for damages resulting from a collision between an automobile driven by plaintiff and one driven by defendant.

The judgment of the district court rejected plaintiff's demands and he appeals.

OPINION

The collision occurred in the forenoon at the intersection of two highways or streets in the village of Athens, Louisiana.

The record is rather voluminous and the testimony conflicting as to the speed at which plaintiff's automobile was being driven.

It is established that defendant approached the intersection from the east and before entering upon the intersection he reduced the speed of his car, bringing it almost to a stop, and looked along the street which he was about to cross and seeing no vehicles approaching he proceeded to go upon the intersection at a speed of four or five miles per hour; that plaintiff approached the intersection from the north at a speed of at least fifteen miles per hour, and when at a distance of

fifty or seventy-five yards from the intersection he observed the defendant's automobile at the intersection and noting that defendant had reduced the speed of his car, plaintiff came to the conclusion defendant was going to stop.

Considering the difference in the rate of speed at which the respective vehicles were being driven, and the fact of the defendant having been at the intersection when the plaintiff was at a distance of fifty or seventy-five yards from the intersection, shows that defendant's car must have been the first on the intersection, and in this situation the defendant had the right of way, unless there was an ordinance or regulation to the contrary. (Johnson et al. vs. Worley, 3 La. App. 675.)

There was no evidence showing that the highway upon which plaintiff was travelling was a right-of-way street, and the rights and obligations of the parties approaching and at the intersection are governed by the rule stated in the case cited above.

The collision occurred at about the center of the intersection, and both parties appear to have been surprised when they ascertained the presence of the other, and in our opinion the collision is attributable to the fault of both.

While the defendant did make a pretence of caution in reducing the speed of his car before going upon the intersection, and of looking to see whether or not any vehicles were approaching on the street which he was about to intersect, he did not look from a point where he had a clear view of the roadway, and he appears to have been wanting in due care in proceeding across the street without further attention; and the plaintiff appears to have been equally lacking in caution, in that while he saw the defendant's car at the intersection when he was some distance away, at which time defendant's car was still moving, yet he proceeded to approach and take the intersection without knowing whether or not defendant stopped his car, and without having his car under control.

The judgment is affirmed.