## No. 12,017

### Orleans

---

## LAUGHLIN v. SULLIVAN

---

(January 13, 1930. Opinion and Decree.)

---

H. W. Robinson and H. M. Robinson, of New Orleans, attorneys for plaintiff, appellant.

A. R. Christovich, of New Orleans, attorney for defendant, appellee.

HIGGINS, J. Plaintiff sued defendant for the sum of $233 damages, alleged to have been the result of an intersectional automobile collision. Defendant denied liability and pleaded contributory negligence. There was judgment in favor of defendant dismissing plaintiff's suit as of non-suit and plaintiff has appealed.

The record shows that on February 15, 1928, at about 5:30 o'clock p. m., plaintiff's wife was driving his Hudson sedan automobile on Third Street in the city of New Orleans, towards the lake. Third street runs from the river to the lake and Magazine street runs from uptown to downtown and there are double street car tracks on Magazine street. Plaintiff and his nephew were passengers in the car. As the automobile approached Magazine street, which intersects Third street at right angles, plaintiff's car was brought to a complete stop. There were several automobiles going down Magazine street at the time. After these cars passed, plaintiff's wife attempted to drive across the intersection and had reached a point in the intersection where the radiator of plaintiff's car was about even with the lake sidewalk curbing and the rear wheels of the car had reached the last rail of the street car tracks nearest the lake. While in this position, the defendant's Studebaker roadster automobile, driven by defendant in an uptown direction on Magazine street struck plaintiff's car on the right side about in the middle, causing the damages for which plaintiff brings this suit.

Plaintiff contends that the defendant was guilty of negligence in the following respects: First, in operating his car at a rate of speed in excess of 20 miles an hour in violation of the traffic ordinance of the city of New Orleans; second, in not having his car under proper control in order to be able to stop within a reasonable distance, taking into consideration that it was raining and that the street was wet which were extra hazards to safe driving; third, that the plaintiff had entered the intersection first and had the right to proceed; and fourth, that defendant could have avoided the accident by pulling to his left and passing to the rear of plaintiff's car where the street was unobstructed and he had a clear road.

Defendant contends that he had the right of way as the ordinance of the city of New Orleans makes a street on which there are double street car tracks, a right of way street and that he had the right of way as he was approaching plaintiff's car from its right, and in the alternative that plaintiff was guilty of contributory negligence.

Plaintiff's witnesses consisted of his wife, his nephew and himself. They testified that his car came to a complete stop; that his wife then ventured across while the defendant's car was approximately a block away; that they had almost crossed the intersection when the defendant's car came up at a great rate of speed; that when the defendant got within a short distance of plaintiff's car, he attempted to apply his

brakes with the result that the rear part of his car skidded to the right causing the right rear portion of defendant's car to strike the plaintiff's car about midway on its right side. They further testified that defendant's car was making 30 or 35 miles an hour at the time he attempted to put on his brakes; that it was raining and the pavement was wet; and that defendant could have safely passed to rear of plaintiff's car as the road was clear.

The only witness in behalf of the defendant was himself. He testified that he had let a passenger off at Second street, one block below the scene of the accident, and was running about 18 or 20 miles an hour and that when within 50 feet of the intersection of Magazine and Third streets, he noticed plaintiff's car coming from behind an automobile proceeding down Magazine street and, believing that plaintiff would stop in order to allow him to pass, he did not apply his brakes until within 30 feet of plaintiff's car; that he then applied his brakes with the result that his car skidded to the right and the rear portion of it struck the plaintiff's car.

We are of the opinion that the plaintiff has shown by a clear preponderance of the evidence that his car stopped before entering the intersection and had actually entered the intersection before defendant's car and, therefore, had the right of way and was entitled to proceed.

The evidence also convinces us that defendant was operating his car at a rate of speed in excess of 20 miles per hour in violation of the ordinance of the city of New Orleans and that his excessive speed was the proximate cause of the accident. Defendant admits he saw plaintiff's car proceeding across the intersection when he was about 50 feet away from it. If he had had his car under proper control he would have been able to have stopped in order to have avoided the accident. He failed to use due precaution and care commensurate to the danger with which he was confronted. Furthermore, there was nothing to prevent defendant from driving to the rear of plaintiff's car, the road was clear and he would, therefore, have avoided striking plaintiff's car.

The relevant section of the traffic ordinance No. 7490 C. C. S., is:

"Article 1, Section 7, Right-of-Way, Paragraph (g). 'The right-of-way herein given shall not be construed to mean that vehicles may be driven through street intersections in a reckless manner or at a speed beyond control, nor that they may take advantage of such right-of-way to drive through intersections regardless of the rights of vehicles on intersecting streets. The right-of-way given applies only where two vehicles approaching intersecting streets arrive at the intersection at approximately the same time, and does not authorize the vehicle travelling on the right-of-way street to disregard the rights of vehicles which have already entered the intersection from an intersecting street."

The courts have repeatedly upheld the right of way of the car that enters the intersection first:

"The automobile which first enters a street intersection is entitled to proceed. Other cars approaching on intersecting streets should delay their progress so as to allow the first arrival to pass in safety. Failure to do so is negligence." Borrello v. Rohrer, 4 La. App. 510.

"The party driving an automobile who first reaches a street intersection, having the right-of-way, the other party must respect that right, and if he fails to do so he is guilty of negligence." Spainhour v. Dulaney, 4 La. App. 552.

"Where two automobiles approach an intersection at a right angle, and one of them nearly completes the crossing before the other arrives at the intersection, the one which almost traverses the intersecting street is entitled to proceed notwithstanding the fact that the other car had the

right-of-way." Vance v. Poree, 5 La. App. 109.

Article II, section 1, paragraph (b), places Magazine street within the 20-mile zone.

The article on "Speed" contains the following proviso:

"RECKLESS DRIVING. Nothing in the foregoing sections shall be so construed as to mean that vehicles shall not at all times be driven with due regard to the rights and safety of others on the public streets, or that the speed may at any time be greater than is safe and proper under the conditions then obtaining."

We are, therefore, of the opinion that defendant's negligence was the sole and proximate cause of the accident.

As to the quantum of damages, the petition alleges in detail the damages which were the result of the accident. Plaintiff and his wife testified that the damages complained of were repaired at a cost of $233 by Messmer's garage on St. Joseph's street in the city of New Orleans. The testimony of plaintiff's nephew corroborates them. Defendant's testimony also corroborates plaintiff's in that plaintiff's car was damaged as a result of the collision between the two automobiles. Defendant's attorney had the opportunity of cross examining plaintiff's witnesses and did cross examine the plaintiff and his wife, but feeling that plaintiff had not proven by a preponderance of the evidence, the quantum of damages, was content not to put any rebuttal evidence before the court. The only testimony that we have before us as to the extent of the damage and the cost of repairing the car, is the plaintiff's evidence. This evidence is uncontradicted and unrebutted.

Defendant contends that as plaintiff failed to produce the receipt showing the payment of the repairs or the mechanic who made the repairs he has not sufficiently made out his case.

In Fuhrmann et ux. v. Keenan, 122 Sou. 892, it was held that the finding of the Court of Appeal as to partial dependency, based on unrebutted testimony of claimant, was conclusive:

"Only one witness testified in the case, and that witness was the claimant. The Court of Appeal held that the testimony of the claimant which was unrebutted, could not be disregarded, and it therefore found, as a fact, that the claimant was a partial dependent, and entitled to compensation at the minimum rate fixed by the State Employers' Liability Acts. This finding of fact is conclusive. * * *"

Hardee v. Nevers, 120 Sou. 229, held:

"He said the value of his auto was $1,176.80, and that the Chambers people, from whom he bought another auto, allowed him $600.00 for the wrecked car. * * * We think the evidence is sufficiently certain to allow judgment for the plaintiff for the amount claimed."

In Bianchi v. Mussachi, 1 La. App. 291, it was held:

"It is not necessary that plaintiff should have had the repairs made, or, being made, should have paid for them; the damage done to his auto constitutes his cause of action."

We are of the opinion that plaintiff has sufficiently proven the quantum of damages and is entitled to recover.

For the reasons assigned it is ordered, adjudged, and decreed that the judgment of the lower court be and it is annulled, avoided and reversed and it is now ordered, adjudged, and decreed that there be judgment in favor of Patrick J. Laughlin and against the defendant, Ward B. Sullivan, in the full sum of $233, with legal interest from judicial demand until paid and all costs of both courts.

JANVIER, J., takes no part.