No. 2703

Second Circuit

———

POOLE v. PERRETZ

———

(April 10, 1930. Opinion and Decree.)

———

W. W. McDonald, of Shreveport, attorney for plaintiff, appellant.

Wise, Randolph, Rendall & Freyer, of Shreveport, attorneys for defendant, appellee.

ODOM, J. Plaintiff's automobile collided with that of defendant at the intersection of Gladstone boulevard and Highland avenue in the city of Shreveport, and both cars were damaged. Plaintiff sued defendant for the damage done to his car and for slight personal injuries, and defendant reconvened for the damage done to hers. The district judge rejected both demands, and plaintiff appealed.

Plaintiff was driving his car north on Highland, and defendant was driving east on Gladstone boulevard. Plaintiff says he was going at a moderate rate of speed, not exceeding fifteen miles an hour, on his right-hand side of the street, and that he saw defendant coming down Gladstone when she was some thirty or forty feet from the intersection and thought he had time to cross; that he tried to accelerate his speed, but the motor was cold and would not pick up; that defendant was driving on her left-hand side of Gladstone boulevard and ran into his car on the extreme north side of the intersection; that his car was knocked off the street up on the curb at the northeast corner of the intersection; and that, when his car came to rest, it was headed towards the southwest.

Defendant, who was alone in her car, gives a different version altogether. She says she was driving on her right-hand side of the street and reached the inter-

section first, and that plaintiff drove into the intersection immediately in front of her when she was more than half way across, and that the collision took place, not where plaintiff says it did, but on the south side of the intersection.

Defendant's testimony that she entered the intersection first, and that the collision took place on the south side of the intersection, is corroborated by that of Mrs. Groner, who saw the collision. It is shown, therefore, by a preponderance of evidence, that defendant reached the intersection first, and, as neither is a right of way street by ordinance or traffic regulation, defendant had the right of way. Johnston vs. Worley, 3 La. App. 675; Spainhour vs. Dulaney, 4 La. App. 552; Travelers Indemnity Co. vs. Robinson-Slagle Lumber Co., 7 La. App. 441.

Defendant, having reached the intersection first and having the right of way, it was negligence on plaintiff's part to drive in front of her. He says that he thought he had time to cross in front of her, but, unfortunately for him, he was mistaken.

Counsel for plaintiff argues that defendant's testimony and that of Mrs. Groner that the collision took place on the south side of the intersection is unreasonable, in view of the physical fact that the cars came to rest after the collision on the opposite side of the street. Defendant's explanation of that is that she killed her engine about the time of the collision, and that plaintiff's car, with the engine still running, dragged her car across. That is more reasonable, we think, than plaintiff's theory. His counsel argues that defendant's car struck plaintiff's over on the north of the intersection and knocked it up on the curb. Counsel drew and exhibited to the court a plat showing the intersection, the place where he says the cars collided and the place where defendant and

Mrs. Groner say they collided. The plat shows that there is a telephone pole at the northeast corner of the intersection due east of the spot where plaintiff says the collision took place, and the same diagram shows that plaintiff's car came to rest on the curb east of the pole, with its front end towards the west. Defendant was going east and her car hit plaintiff's broadside. It could not have knocked plaintiff's car from where plaintiff says the collision took place to the place where it stopped, because the telephone pole was directly in line. Then, too, the impact could not have turned plaintiff's car around. The front end of defendant's car struck the side of plaintiff's at the door, not near the rear end, so that it is not probable that plaintiff's car would have been turned around if the collision had taken place as plaintiff said it did. On the other hand, it is altogether reasonable that the car could have been turned around as defendant said it was.

The testimony shows that the doorknob of plaintiff's car punctured the radiator of defendant's and that the two cars "hung up" or clung together, and that plaintiff's car continued to run after defendant's engine had stopped. The momentum of defendant's car naturally shoved plaintiff's farther east and probably east of the intersection. Plaintiff's car was still moving under its power and pulling defendant's, which caused plaintiff's car to turn its front end towards the north. There is no evidence of any skid marks on the streets to indicate where the collision took place, so that as to how the cars happened to be left where they were after the collision is a matter largely of conjecture. But we think defendant's theory is the more reasonable.

Counsel for plaintiff says that Mrs. Groner's testimony that she saw the accident

should not be considered because she was impeached. Plaintiff's wife, who arrived at the' scene after the accident, says that she heard Mrs. Groner say she was in the house and did not see it. Mrs. Groner says she made no such statement. Another woman, it seems, appeared on the scene; she did not see the collision, and we think it probable that plaintiff's wife was mistaken as to who made the statement. But if we refuse to consider Mrs. Groner's testimony and leave defendant's uncorroborated, plaintiff cannot recover, because his testimony is also uncorroborated and has no more weight than defendant's. The burden was upon plaintiff to make out his case. He failed in that, as his testimony is completely offset by that of defendant.

Plaintiff we think was at fault. Defendant reconvened for the small damage done to her car. Her demands were also rejected. She did not appeal, nor did she ask that the judgment be amended.

The judgment is affirmed, with all costs.