SARPY v. MESMAN

(July 1, 1931. Opinion and Decree.)
(July 20, 1931. Rehearing Refused.)

Normann, McMahon & Breckwoldt, of New Orleans, attorneys for plaintiff, appellee.

Spearing, McConnell & McClendon, of New Orleans, attorneys for defendant, appellant.

DUNBAR, Judge ad hoc. This is a suit for damages brought by the plaintiff for the use and benefit of his minor son. Judgment was rendered in favor of the plaintiff in the lower court, and the defendant appealed.

Plaintiff alleges that on May 30, 1930, at about 4:45 p. m., his minor son, Jules Sarpy, Jr., aged 8 years, was riding on a wagon driven by one Sam Small on Marais street, going north towards the downtown or north lane of Canal street; that the said wagon had entered and pre-empted the intersection of the downtown side of Canal street when defendant's automobile, traveling on the north lane of Canal street towards the lake, collided with the wagon, and as a result plaintiff's son was thrown to the ground and sustained the injuries complained of.

The contention of the defendant is that the driver of the wagon was negligent in failing to come to a full stop before leaving the neutral ground and attempting to make the crossing in violation of the city ordinance, which failure to stop seems to be admitted, and furthermore that the driver

.of the wagon lifted the reins for the purpose of striking the horse to increase the speed of the wagon across the intersection, and that this gesture of raising the reins to strike the horse indicated to defendant that the wagon was about to be stopped and that defendant would have the right of way at the intersection, and the defendant proceeded towards the intersection under this assumption, and, when the wagon did not stop, as defendant had expected, it was then too late for defendant to avoid the accident.

Plaintiff's reply to defendant's contention in this connection is that defendant in his testimony admits that he had seen the wagon on which plaintiff's son was riding approach when defendant was a block away; that it further appears that defendant was eighty feet from the intersection at the time he saw the driver of the wagon lift the reins, which gesture defendant alleges he interpreted as an indication that the wagon was being stopped; that the physical evidence indicates that the wagon had pre-empted the intersection before it was struck by defendant; that, if defendant had been watching the wagon continuously, as he testified he did, he would have discovered at approximately eighty feet from the intersection that the lifting of the reins followed immediately by a striking of the horse with the reins for the purpose of speeding up the crossing of the wagon at the intersection was not a stop signal; and that, if defendant had been driving at a reasonable rate of speed, with complete control of his car, he was in a better position to avoid the accident than the driver of the animal-drawn vehicle which had already pre-empted the intersection.

The trial judge, who heard and saw the witnesses, adopted plaintiff's theory and interpretation of the testimony, and evidently based his judgment in favor of plaintiff on the ground that defendant had the "last clear chance" of avoiding the accident. Laughlin v. Sullivan, 14 La. App. 491, 131 So. 687.

We have carefully examined the evidence in this case, which is conflicting, and, although there is considerable testimony in support of defendant's theory of the case in the record, we do not feel, under the circumstances, that we are justified in declaring that the judgment of the lower court is erroneous.

Counsel for defendant also contended that the testimony shows that plaintiff's son was driving the wagon at the time of the accident and that he was contributorily negligent, and is therefore precluded from recovery. The evidence is also conflicting on this point. The trial judge found that Sam Small was the driver of the wagon, and that plaintiff's son, the injured boy, was his guest. After reading the conflicting testimony in relation to this phase of the case, we do not find a sufficient reason to disturb the finding of the trial judge.

Plaintiff's son, who was 8 years of age, suffered contusions and a laceration of the left hand, which was cleaned, iodized, sutured, and dressed at the Charity Hospital, which left a scar on his finger. The boy was given serum and visited the hospital for a term of one week after the accident. The lower court allowed the plaintiff $150 as damages, which amount, under the circumstances, appears to be reasonable.

. The judgment appealed from is therefore affirmed, at the cost of appellant.

WESTERFIELD, Judge, and MORENO, Judge ad hoc, participating.