O'KELLEY v. MOCKLIN

———

(March 7, 1932.  Opinion and Decree.)
(April 4, 1932.  Rehearing Refused.)

———

Harry M. Mayo, Jr., of New Orleans, attorney for plaintiff, appellee.

John May and A. M. Suthon, of New Orleans, attorneys for defendant, appellant.

JANVIER, J.  O'Kelley claims reimbursement in the sum of $292.10 for damages sustained by his Pierce Arrow automobile in an intersectional collision at the corner of Thalia street and the driveway of Claiborne avenue used by vehicles proceeding in an uptown direction.

O'Kelley was himself driving his automobile, going uptown, and defendant's truck was being operated by his son on Thalia street towards the river.

From a judgment for plaintiff, as prayed for, defendant has appealed.

We are convinced that defendant's truck was driven into the intersection directly into the path of the on-coming Pierce Arrow after it was too late for the latter to be stopped or turned aside and that the latter, proceeding at a lawful speed, was, under the traffic ordinance of the city of New Orleans, No. 7490, C. C. S., entitled to the right of way, by reason of the superior right accorded by the ordinance to vehicles on Claiborne avenue, at that point.

It is contended, however, on behalf of defendant, that plaintiff was himself violating a provision of the ordinance, in that he was driving near the neutral ground, which was to his left instead of alongside the right-hand curb.  This fact is admitted, and it necessarily follows that in that regard he (O'Kelley) was guilty of a technical violation of the ordinance.

We are unable to attach to the violation any importance, as we do not see that

542

there was any causal connection between the said violation and the subsequent collision, except the mere chance that the two vehicles happened to arrive at the spot, at which the collision occurred, at exactly the same time, whereas possibly if one of them had been driving along a different line of the roadway on which he was proceeding, they might not have reached at the same time the spot at which they actually did collide. It is true that since the collision occurred near the neutral ground there must have been open space behind the truck through which space possibly the Pierce Arrow might have passed had it been near the curb, but this is no more than saying that if the Pierce Arrow had not been on the street at all it is certain that there would have been no accident. There was no more causal connection between the location of the Pierce Arrow on the left of the street and the ultimate collision than there was between the actual presence of the Pierce Arrow on the street at all and the final result. It might well be argued, in answer to this contention of defendant, that even if the Pierce Arrow had been alongside the curb, nevertheless the accident would have happened if the speed of the truck had been a little bit less than it was.

Unless there is result from technical violation of law, such violation plays no part in determining legal liability.

"It is, then, not sufficient for recovery to show that there has been a technical violation of law, but it must also appear that, as a natural result of the violation, the accident occurred; that there was causal connection between the two." Michael Millannos et al. v. Mervin Fatter, Sr., 138 So. 878, 880, 18 La. App. 708.

It is argued that the amount claimed is excessive. On this score we see no error in the findings of the trial court.

The judgment appealed from is affirmed.