## BETHANCOURT v. BAYHI et al. *
### No. 14153.

Court of Appeal of Louisiana. Orleans.
April 18, 1932.

John E. Fleury of New Orleans, for Mr. and Mrs. George Ashton Cox.

Fred Zengel, Jr., of New Orleans, for Mrs. Alexzenia Bethancourt.

Edward Rightor and Wm. H. Sellers, both of New Orleans, for Miss Florence Bayhi and General Accident, Fire & Life Assurance Corporation, Limited.

JANVIER, J.

Mrs. Heseker was a guest passenger in a Chevrolet automobile belonging to George Ashton Cox when that vehicle, while driven by Mrs. Cox, was struck and turned over by a Nash car owned and operated by Miss Florence Bayhi.

The accident occurred on a clear day at the corner of Prytania and Philip streets in New Orleans.

The Chevrolet, in which Mrs. Heseker was a passenger, was on Philip street, crossing Prytania street, and going toward St. Charles avenue. The Nash car was on its way down Prytania street.

Solidary judgment was asked against Miss Bayhi, her insurers, General Accident, Fire & Life Assurance Corporation, Limited, and against Mr. and Mrs. Cox.

In the district court judgment was rendered against Mrs. Cox for the sum of $603, but, as against the other defendants, the suit was dismissed. From that judgment both

Mrs. Heseker, plaintiff, and Mrs. Cox have appealed, Mrs. Cox maintaining that the judgment should be entirely reversed as to her, and Mrs. Heseker asserting that the amount of the judgment should be increased to $1,103, as originally prayed for, and that the other defendants should be held liable solidarily with one another and with Mrs. Cox.

In her brief before us plaintiff has conceded that the evidence does not warrant a judgment against Mr. Cox and the appeal as to him has been abandoned. Defendant insurance company is admittedly insurer of Miss Bayhi, and there appears no dispute as to the liability of that company, within policy limits, for any sum as Miss Bayhi may be condemned to pay.

Since Mrs. Heseker was a guest passenger not in control of the car and since it is manifest from the record that nothing she could have done, or said, would have been effective in averting the crash, it follows that no question of any possible contributory negligence on her part is involved, and the controversy resolves itself into a dispute between the respective drivers as to the fault which constituted the proximate cause of the collision, each maintaining that the fault of the other was the sole cause thereof.

Under the traffic ordinance of New Orleans, C. O. S. 7490, vehicles on Prytania street are accorded superior rights to those on Philip street because on the former street there are street car tracks, while on the latter there are none. In paragraph 7 of article 1 of the ordinance it is provided that: "Vehicles traveling on the following streets have the right of way over vehicles approaching on intersecting streets, namely, * * * all streets with street car tracks," and, in sub-paragraph (b) of the said paragraph 7 it is further provided that "vehicles approaching above streets and avenues from intersecting streets shall, before crossing or turning into same, come to a full stop."

It was, therefore, the duty of Mrs. Cox, before entering the intersection, to bring her vehicle to a stop. That she did not do this is conceded, and it follows that, to this extent, she was guilty of a violation of the ordinance.

In her behalf, however, it is contended that the violation was purely technical and that the danger was in no wise increased thereby. If that be true, then the fact that there was a violation does not, of itself, render her liable civilly, because:

"An act committed in violation of a city ordinance does not impose liability for the injury resulting therefrom unless the injury was the natural and direct consequence of the violation." Roby v. Graham, Inc., 3 La. App. 521 (syllabus).

The above quoted rule is firmly established.

In the syllabus of Vaughn v. New Orleans Ry. & Light Co., 13 Orl. App. 116, this court said:

"The violation of a city ordinance is not necessarily proof of negligence.  *  *  * "

See, also, Michel Bros., Inc., v. Mallynn, 3 La. App. 69; O'Kelley v. Mocklin, 140 So. 116, decided by this court March 7, 1932; Lopes v. Sahuque, 114 La. 1004, 38 So. 810, 814.

Bearing in mind the legal principle supported by the above authorities, let us ascertain whether there was causal connection between the failure of Mrs. Cox to stop her car before it entered the intersection and the subsequent collision of the two automobiles.

While it must be conceded that it is a dangerous rule to permit persons to violate ordinances, or statutes, enacted to insure safety, and to then contend that the violation did not add to the danger, nevertheless, if, after careful scrutiny of the facts, such contention is well founded, it must prevail. The purpose of the ordinance in question, in requiring a stop before entering right of way streets, is to afford to the driver on the less favored street a sufficient opportunity, before entering the zone of potential danger, to make certain that no actual danger in the shape of an approaching car is present. Here it is evident that, when Mrs. Cox decreased the speed of her car as much as she did, and when, only a few feet from the intersection, she looked and could plainly see that no other visible car which, if driven at a reasonable speed, was sufficiently near to make it hazardous for her to cross, her failure to actually stop did not make the attempt to cross any more perilous.

We are not unmindful of the fact that in the several decisions to which we have referred there were not involved questions of liability as between two joint tort-feasors towards a so-called "innocent" third person, and we realize that the doctrine involved in those cases should only in plain cases and with extreme caution be extended to persons sought to be held solidarily liable as joint tort-feasors. The doctrine of the last clear chance has no application as between joint tort-feasors (Cazeaux v. New Orleans Public Service, Inc., 16 La. App. 541, 134 So. 121, and Shield v. F. Johnson & Son Co., 132 La. 773, 61 So. 787, 47 L. R. A. [N. S.] 1080), and the thought results that, if such be true, there may be some doubt as to whether the defense is available in a situation such as is presented here, because here one defendant, though admitting a technical fault, charges that the other defendant could nevertheless, have avoided the accident by the exercise of care —a charge very similar to that made in the doctrine of the last clear chance.

We have reached the conclusion, however, that the principle which is involved is not so similar to that which is present, when the last clear chance doctrine is applicable as to that which appears when the defense is total absence of negligence. In other words, in this case Mrs. Cox does not admit that her negligence had any bearing whatever on the accident and she maintains that it had nothing more to do with it than it would have had had it been committed at some other place and at some other time. Where the doctrine of the last clear chance is relied on, he who relies on it in effect admits that his own negligence created the dangerous situation, but he charges that, in spite of the fact that the dangerous situation was created by his negligence, the other party could, nevertheless, have avoided the accident. Here Mrs. Cox admits that she violated the ordinance, but she contends that the violation not only did not contribute in any way to the resulting accident, but did not even create a dangerous situation.

While this exact point was not raised, a similar result was reached by this court in a case much resembling the one before us. See Marshall v. Freeman, 10 La. App. 12, 120 So. 414.

In Lopes v. Sahuque, supra, the Supreme Court said:

"We do not understand that the violation of a statute is intended to carry or does carry with it as a consequence the abrogation of the application to particular cases of the rules of contributory negligence, or other questions ordinarily affecting defensively the liability of the defendant for damages."

We call particular attention to the following language:

"Or other questions ordinarily affecting defensively the liability of the defendant for damages."

We understand from this that, whether the question involved be raised by the doctrine of the last clear chance, or in a denial of negligence altogether, a party charged with the violation of an ordinance may set up the defense, which is made here, that the violation had nothing whatever to do with the final accident.

The evidence shows that in no other particular was Mrs. Cox at fault. She was driving very slowly. She was, we believe, near the right side of Philip street and, before she entered the intersection, she looked carefully and saw the other car. The argument is made that, since she saw the other car, she was at fault in attempting to cross ahead of it. The record shows to our satisfaction that at that time the Bayhi car was about a half block away and that, to an ordinarily prudent person, it would not have been apparent that its speed was such as to make a crossing ahead of it hazardous, since, from that distance, a car driven at a speed within legal limits, or even somewhat in excess there-

of, could not have reached the intersection before it had been cleared. We said in Simpson v. Pardue, 15 La. App. 341, 131 So. 854, 855:

"It must be conceded that the primary duty of avoiding the collision rested upon the plaintiff, since he was driving his car on the less favored street. He was required to keep a lookout for vehicles on the favored street. He should have had his car under control, and should have exercised more care and caution than the driver on the favored street. However, he was not required to wait before attempting to cross until there was no vehicle in sight on the favored or right of way street, and it was only necessary that it should appear that there was a reasonably safe opportunity to proceed. His action in crossing the intersection must be considered in the light of the surrounding circumstances, and, if the Packard, which was on the favored street, was at such a distance from the intersection as would suggest to the mind of a reasonably prudent person that the crossing might be undertaken without danger of collision, he was justified in doing so."

In Fisher v. Levin et al., 16 La. App. 368, 134 So. 439, is found the following:

"It is said, however, that plaintiff was contributorily negligent, in that he did not wait for the other car to pass. As appears from plaintiff's statement, as quoted, he saw the other car, but at the time it was a considerable distance away, it was coming towards him head-on, and he could not judge its speed. He was thus justified in assuming that it was operated at a normal speed, and since, from the point of view of a reasonable, careful driver, it appears to us that there was no apparent danger in crossing, plaintiff was not negligent in attempting to do so."

See, also, Richey v. Brasher, 7 La. App. 506.

■ Our conclusion is that Mrs. Cox was in no way at fault, except for the technical violation of the ordinance, and that this technical violation played no part in the accident. The judgment against her was, therefore, erroneous.

The evidence as to the movements of the Nash car just before the crash is hopelessly irreconcilable. Miss Bayhi and her witnesses state that her car was near the river, or right-hand side of Prytania street, where the traffic ordinance required it to be. The other witnesses agree that it was slightly to the left of the center line of the street.

Miss Bayhi's witnesses also agree that her car had stopped at a point either about 40 or about 80 feet above Philip street and had taken on a Mr. D'Antoni, and that it had just started again, whereas the other witnesses say that they saw it coming for at least a half block and that it did not stop.

Our conclusion is that Miss Bayhi's witnesses are in error when they say that the car stopped for Mr. D'Antoni some 40 or 80 feet above the point at which the accident occurred and that no stop had been made after the car reached a point at least 150 feet above the intersection.

We also believe that the Bayhi car was proceeding at an excessive rate of speed and that it was nearer the left than the right side of the street.

■ While it may have been due to the fact that Miss Bayhi was, by the shock of the impact, rendered temporarily unconscious and for a moment or so lost control of her car, still we cannot eliminate from our consideration the evidence that, after the crash, the Nash car of Miss Bayhi proceeded some 40 or 50 feet and then embedded a portion of its front so deeply into a palm tree that its own power was insufficient to extricate it. The situation resembles that which, in Giardina v. Massaro et al., 3 La. App. 221, called forth the following statement in a syllabus written by the court:

"Where a Ford automobile collides with another Ford automobile at a street crossing and after the impact jumps the curbing, proceeds along the sidewalk, knocking a door of a grocery store off the hinges, injuring a pedestrian, and is finally brought to rest by steps on the sidewalk, the circumstances are so persuasive of excessive speed as to require strong proof to establish the contrary."

■ The evidence convinces us that Mrs. Cox's car, which was crossing slowly, had almost reached the other side of the street, when it was struck, and that, thus, there is involved the principle which, in Smyth v. Hill Stores, Inc., 8 La. App. 246, was set forth in the syllabus as follows:

"Where two automobiles approach an intersection at a right angle, and one of them nearly completes the crossing before the other arrives at the intersection, the one which almost traverses the intersecting street is entitled to proceed notwithstanding the fact that the other car had the right-of-way."

See, also, Johnston v. Worley, 3 La. App. 675; Spainhour v. Dulaney, 4 La. App. 552, Travelers Indemnity Co. v. Robinson-Slagle Lumber Co., 7 La. App. 441, Vance v. Poree, 5 La. App. 109, and Hirsch v. Ashford, 5 La. App. 290.

### Quantum.

Mrs. Heseker's injuries were described by Dr. Wollbillich as follows:

"She had a laceration of the left forehead over the eye; severe contusions of the neck, post cervical region; fracture of the nose; lacerated and contused left shoulder and general contusions and she suffered a lot, especially from the neck injury."

The district court awarded her $103 for amounts expended for medical and other ne-

cessaries, and $500 for her physical injuries. She had asked for $1,000 for physical injuries.

She remained in the hospital about one week and at home about one week more. In view of the fact that the district court saw Mrs. Heseker and was better able to form an opinion as to permanence of her injuries, we do not feel that the record warrants a change in the amount of the award.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is amended so as to read as follows:

It is ordered, adjudged, and decreed that there be judgment in favor of Mrs. Alexzenia Bethancourt, widow of Henry W. Heseker, and against Miss Florence Bayhi and General Accident, Fire & Life Assurance Corporation, Limited, jointly, severally, and in solido, in the sum of $603, with legal interest from judicial demand; and it is further ordered, adjudged, and decreed that there be judgment in favor of George Ashton Cox and in favor of Mrs. Berdie Langridge, wife of George Ashton Cox, dismissing plaintiff's suit as to them. Plaintiff to pay all costs of George Ashton Cox and of Mrs. Berdie Langridge, wife of George Ashton Cox; all other costs to be paid by Miss Florence Bayhi and by General Accident, Fire & Life Assurance Corporation, Limited.

Judgment amended.