**SCHMIDT & ZEIGLER, LTD., v. CARROLL et al. ***

**No. 14859.**

Court of Appeal of Louisiana. Orleans.

June 10, 1935.

F. Carter Johnson, Jr., of New Orleans, for appellant.

W. H. Sellers, of New Orleans, for appellees.

JANVIER, Judge.

Plaintiff, a wholesale grocery company, owner of a large automobile truck which was damaged in a collision with an automobile owned and driven by defendant, Leigh Carroll, alleging that the collision was caused by the negligence of the said Carroll, seeks recovery of the amount required to repair the said truck. Both Carroll and his automobile liability insurance carrier are made defendants. Defendant Carroll filed a reconventional demand which he later voluntarily dismissed.

In the court a qua there was judgment in favor of defendants, and plaintiff has appealed.

The scene of the accident was the corner of Second and Magnolia streets in this city and the time about 7:15 on the afternoon of December 7, 1932. The truck was proceed-

*Rehearing denied June 24, 1935.

ing down the proper side of Magnolia street, which is a double two-way street, and defendant Carroll was operating his car on Second street going towards the Mississippi river. On Magnolia street there are two street car tracks, though, it is conceded, that prior to the time of the accident street car service on these tracks had been permanently discontinued.

As Carroll reached a point some forty feet or so from Magnolia street, he noticed that there were certain vehicles proceeding up that street and he realized that it was necessary to retard the speed of his car in order to permit those vehicles to cross in front of him. He did not stop, but reduced his speed and, as the last vehicle passed, he accelerated the speed of his car and, almost immediately, his attention was attracted by plaintiff's truck which was going down Magnolia street and which, until that time, had been screened from his view by the other vehicles which had gone up the street.

Carroll realized that he could not stop his car in time to avoid striking the truck so he swerved it to the left in the hope that he could turn it sufficiently to avoid the crash. He was unsuccessful and the truck was considerably damaged by the impact, its steering gear being broken to such an extent that it could not be controlled. It turned towards and crashed upon the adjacent curbing of the sidewalk and caused a small amount of damage to the building on the corner.

We have experienced no difficulty in reaching the conclusion that Mr. Carroll was at fault in emerging into the riverside driveway of Magnolia street immediately after the uptown bound traffic had passed, and before he had been afforded an opportunity to discover whether there was any vehicle going down town on the other side.

Under the city traffic ordinance, on which all parties rely, No. 13702 O. C. S., plaintiff's truck was entitled to the right of way since it was approaching from the right-hand side of Mr. Carroll's car. He should have exercised care in crossing. Then, too, the extent of the damage suffered by the truck and the great distance traversed by Mr. Carroll's car after the collision both indicate a speed somewhat greater than was reasonable under the circumstances.

The truck is shown to have been equipped with headlights which did not comply with section 7 of article IX of the said traffic ordinance in that they were dim and did not throw a beam a sufficient distance ahead of the truck. This, it is said, constitutes contributory negligence on the part of the plaintiff and should prevent recovery, the contention being that had the lights been bright and had their rays extended a sufficient distance, they might have been noticed by Mr. Carroll and, if so, the collision could have been avoided.

■■ If the lights did not comply with the requirements of law, then plaintiff was, in this regard, negligent, but unless it can be shown that there was causal connection between the said negligence and the ultimate damage, then the negligence cannot be said to have been the proximate cause thereof. Bethancourt v. Bayhi (La. App.) 141 So. 111; Vaughn v. New Orleans Ry. & Light Co., 13 Orl. App. 116; Michel Bros., Inc., v. Mallynn, 3 La. App. 69; O'Kelley v. Mocklin, 19 La. App. 541, 140 So. 116; and Lopes v. Sahuque, 114 La. 1004, 38 So. 810. No attempt is made to contradict the statement of the negro driver of the truck that at that corner it was "plenty light," and we feel that even with only ordinary lamps the truck would have been visible to a reasonably observant person, and, when Mr. Carroll attempted to cross so soon after the other vehicles had passed, that even had the truck been equipped with brilliant headlights he would not have noticed it at that time. Furthermore, the evidence shows that each light on the truck, though possibly not strictly in compliance with the above referred to ordinance, nevertheless, "throws a pretty good light" and that its beam extends "about thirty feet." It is also shown that the truck could not have been operated at an excessive rate of speed since it was controlled by a governor which, after the accident, was found to be in good working order and which limited its speed to eighteen miles per hour.

The proximate cause of the accident was the fact that Mr. Carroll continued across the street too soon after the other vehicles had passed.

The evidence as to the extent of the damage is not controverted. It is shown that the repairs required the expenditure of the amount claimed, to wit, $156.70.

It is, therefore, ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed and that there be judgment in favor of plaintiff, Schmidt & Ziegler, Limited, and against defendants, Leigh Carroll and Employer's Liability Assurance Corporation, Limited, in solido, in the sum of $156.70 with legal interest from judicial demand and for all costs.

Reversed.