This is a suit by a pedestrian, John E. Pittman, who, when he was struck by one of two colliding automobiles, was standing on the sidewalk. He sues for $14,563 as damages for physical injuries alleged to have been sustained as a result of the accident. The suit is brought against George Hunter, the owner of one of the automobiles, and his insurer, the United States Casualty Company, and against Milton J. Stern, the owner and driver of the other automobile involved in the collision. The charges of negligence imputed to the drivers of both automobiles are substantially the same and consist of the statement that they failed to maintain a proper lookout; approached the intersection at a dangerous rate of speed and failed to exercise such care and caution as the situation required.
The defendant Hunter and his insurance carrier denied that George Hunter's minor son, the driver of the Hunter car, was guilty of negligence.
Milton Stern also denied all charges of negligence.
A petition of intervention was filed on behalf of the Board of Administrators of the Charity Hospital of the State of Louisiana at New Orleans, in which the sum of $67 was demanded as the value of hospitalization of the plaintiff, Pittman, and 10% attorney's fees.
The case was tired before a jury and resulted in a verdict in favor of plaintiff and against George Hunter and the United States Casualty Company, in solido, in the sum of $5,000, the limit of liability of the insurance carried under its policy, and a further judgment against Hunter in the sum of $900. The Board of Administrators of the Charity Hospital of the State of Louisiana at New Orleans was awarded a judgment on their petition of intervention in the sum of $67 plus attorney's fees as prayed for. The suit against Milton Stern was dismissed. The United States Casualty Company appealed suspensively and George Hunter devolutively from this judgment. Pittman, the plaintiff, also appealed.
In this court counsel for Hunter and the United States Casualty Company, in oral argument and in brief, concede liability contesting only the quantum. We have, therefore, to consider the liability of the codefendant, Milton J. Stern, and the amount to be awarded plaintiff.
The accident occurred in the intersection of Milan and Carondelet Streets on November 20, 1939, at about 8:15 a.m. The Hunter car approached the intersection on Milan Street driving in the direction of Lake Pontchartrain, the Stern automobile from Carondelet Street, being driven at right angles to the Hunter car, and in the direction of Canal Street. The contact between the vehicles occurred on the far or lake side of Milan Street near the sidewalk curb when the Stern car was hit in the rear, deflected from its course, turned sidewise, crossed the curb and onto the sidewalk striking Pittman, who was standing near the curb.
Stern's version of the accident, as given in his testimony, is that he was traveling at about 18 miles per hour, which speed he reduced to 15 miles, as he approached Milan Street; that he looked in the direction from which the Hunter car was approaching and observed it to be about 75 feet distant; that believing he had sufficient time to cross, he entered the intersection and had almost succeeded in traversing it when he was struck violently in the rear by the Hunter automobile, which was running at the rate of about 40 miles per hour.
The Hunter car had the right of way (Art. V, Section 15 (a) of the Traffic *Page 788 
Ordinance No. 13,702 C.C.S.) but the position taken by counsel for Stern is that, which has been recognized as sound in a number of cases, and to the effect that where two automobiles approach an intersection at right angles and one of them nearly completes the crossing before the other arrives, the former is entitled to proceed notwithstanding the fact that the latter had the right of way. Schexnaildre v. Bledsoe, La.App., 194 So. 45; Sweeney v. New Orleans Public Service, Inc., La.App., 184 So. 740; Bethancourt v. Bayhi, La.App., 141 So. 111; Laughlin v. Sullivan, 14 La.App. 490, 131 So. 687, and Smyth v. Hill Stores, Inc., 8 La.App. 246.
There were only two disinterested eyewitnesses to the accident, Mr. and Mrs. John B. Bastian, Jr., both of whom testified on behalf of the plaintiff. Mr. Bastian said that he was driving down Carondelet Street following the Stern car, at approximately 20 miles per hour; that the Stern car was running at about the same speed; that the Hunter car was running between 40 and 50 miles per hour and that it ran into the rear of the Stern car on the Canal Street or downtown side of the center of the intersection; and that the Stern car had almost completed the intersection when it was struck by the Hunter car. Mrs. Bastian corroborated her husband.
Louis B. de la Houssaye did not see the accident but inspected the Stern car afterwards and testified that it was hit from the rear.
Plaintiff contends that the vehicles reached the intersection at about the same time and that it was a blind corner which had the effect of imposing additional care upon the driver of the Stern car, who should not have entered the intersection without first being certain that it was safe to do so.
The evidence preponderates to the effect that the Stern car entered the intersection first and at a time when to a reasonable man it appeared safe to do so. He was justified in presuming that the Hunter car would respect his right to proceed in view of his having entered the intersection first. This was the ground upon which the trial court dismissed the suit as against Stern and we believe it was correct.
Pittman, who was fifty-seven years of age, was seriously injured. He suffered a fracture of the skull of approximately 5 to 6 inches in length by one-quarter of an inch in width, a brain injury, as well as contusions and lacerations and a subarachnoid hemorrhage. He was unconscious for about a week and semiconscious for an additional week following the accident. He complains of headaches, dizziness, weakness, defective memory, impairment of eyesight, backache and other unfortunate results, all of which the medical experts attribute to the injuries received by him as a result of the accident. He is permanently disabled.
The cases cited by defendants dealing with fractures of the skull are not in point for the injuries sustained by Pittman were more serious since they involved permanent injury to his brain as well as other complications.
In our opinion the award of the jury, as confirmed by the judgment of the court below, is insufficient and should be increased to $7,500.
For the reasons assigned the judgment appealed from is amended by increasing the amount awarded plaintiff from $5,900 to $7,500, of which sum $5,000 shall run as against George Hunter and his insurance carrier, United States Casualty Company, in solido. In all other respects the judgment appealed from is affirmed.
Amended and affirmed.